IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADHU AGARWAL and                   :
DR. ANIL AGARWAL,                   :        CIVIL ACTION NO. **3:CV-09-1921**
                                    :
            Plaintiffs              :        (Judge Caputo)
                                    :
            v.                      :        (Magistrate Judge Blewitt)
                                    :
SCHUYLKILL COUNTY TAX CLAIM         :
BUREAU, et al.,                     :
                                    :
                                    :
            Defendants              :

**REPORT AND RECOMMENDATION**

**I. Background.**

Since we have detailed the complete procedural and factual background of this case in our June 22, 2010 Report and Recommendation ("R&R") and our July 27, 2010 R&R (Docs. 122 and 125), we do not fully repeat it herein. The present R&R pertains to the December 29, 2009, Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint of Defendants #21 to #26, as well as John Doe and/or Jane Doe Defendants #27 to # 51. **(Doc. 59).** Defendants #21 to #26 are identified in the Amended Complaint of Plaintiffs Madhu Agarwal and Anil Agarwal as follows:

21. John Doe #21, Schuylkill County Sheriff Department;

22. John Doe #22, Schuylkill County Sheriff Department;

23. John Doe #23, Schuylkill County Sheriff Department;

24. Schuylkill County Sheriff Department;

25. Schuylkill County Prothonotary Office; and

26. Court Administrator's Office, Schuylkill County.

(Doc. 53, p. 1).

As stated, with respect to present Defendants, on December 29, 2009, they filed a Rule 12(b)(6) Motion to Dismiss with attached exhibits. **(Doc. 59).** Defendants also simultaneously filed their support Brief. (Doc. 60). Plaintiffs filed their opposition Brief on January 29, 2010. (Doc. 100).[1]

As Plaintiffs recognize (Doc. 53, p. 1), jurisdiction of this action is based on federal question, 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1343(a). This Court can exercise jurisdiction over any state law claims of Plaintiffs under 28 U.S.C. §1367.

## II. Allegations of Amended Complaint (Doc. 53).

Plaintiffs assert six (6) causes of action in their Amended Complaint which they refer to as "Part One" through "Part Six. (Doc. 53). Since only one of Plaintiffs' causes of action, Part Six, pertains to the present Schuylkill County Defendants, Defendants #21-#26, we limit our discussion in this R&R to the claims raised in Part Six.[2]

In Part Six, Plaintiffs allege that Plaintiff Dr. Agarwal "was not allowed to peacefully ask questions and was threatened by [unnamed members of the ] Sheriff Department in the [Schuylkill County Courthouse]," and that on October 6, 9 & 19, 2009, Dr. Agarwal's access to the courthouse was blocked on three occasions by unnamed officers of the Schuylkill County Sheriff Department,

---

[1]The undersigned has been assigned this case for all pre-trial matters.

[2]Plaintiffs' Part Six was not asserted in their original Complaint, Doc. 1.

Doe Defendants #21- #23. (*Id*., pp. 10-11). Plaintiffs also aver that on October 21, 2009, Dr. Agarwal was not allowed to file in person a "Caveat" with the Schuylkill County Prothonotary in the courthouse, and that the "Caveat" he tried to file by mail was returned by the Court Administrator's Office after the Schuylkill County Prothonotary's Office refused its filing. (*Id*. and Doc. 53, Ex. 6C).

In his "Caveat," Plaintiff Dr. Agarwal indicated that on October 19, 2009, he received certified mail from Schuylkill County Tax Claim Bureau and that he wanted his Caveat filed before Schuylkill County could obtain any court order from Schuylkill County Court of Common Pleas against Plaintiffs' property with respect to a tax lien. Plaintiff also requested that the Schuylkill County Court of Common Pleas take judicial notice of Plaintiffs' instant civil action filed with the Middle District of Pennsylvania, namely Civil No. 09-1921. (Doc. 53, Ex. 6C). Plaintiffs aver that the Schuylkill County Prothonotary's Office refused to file the Caveat on October 21, 2009, when Dr. Agarwal tried to file it in person. (Doc. 53, Ex. 6D). Plaintiffs' own exhibit also indicates that on October 29, 2009, the Schuylkill County Court Administrator's Office mailed back the Caveat which Plaintiffs tried to file with it and that this Office stated "the Court Administrator's Office is not a filing office." (Doc. 53, Ex. 6E).

Plaintiffs implicate Defendants #21, 22, 23, 24, 25 and 26 in Part Six of their Amended Complaint, as well as PA Defendant #17. Plaintiffs state that PA Defendant #17 is named in Part Six since Defendants #21, 22, 23, 24, 25 and 26 were in "some way using Defendant #17 powers," and that Defendant #17 had a "fiduciary and vicarious responsibility" to them (Plaintiffs) to make sure Defendants #21, 22, 23, 24, 25 and 26 used the powers Pennsylvania delegated to

3

them properly. (*Id.*, p. 11).[3]

Specifically, Plaintiffs aver as follows:

143. That this part deals with absence of due process in Schuylkill County Court House and one of the commissioner, one of the director calling Sheriffs Department and which in turn blocked the entry of Dr. Agarwal on 3 occasions first one on 10/6/09, second one on 10/9/09 and third one on 10/19/09.

144. That as this building houses county court also it is a violation of a citizen's constitutional right to go to the court and find out how and what remedy a citizen can file and get proper instructions for a person without a lawyer.

145. That on 10/19/09 Dr. Agarwal also filed Exhibit 6 A & B, later on the Prothonotary office informed him (Dr. Agarwal) that no such action was filed on or before today (10/19/09).

146. That on or about 10/21/09 Dr. Agarwal tried to file a Caveat (Exhibit 6C) in the Prothonotary office (Defendant #25) but the lady in that office refused to accept it (Exhibit 6 D).

147. That Dr. Agarwal same day mailed the Caveat to the office of the President Judge (Chief Justice) (Exhibit 6 D).

148. That Dr. Agarwal to his great surprise received the Caveat back with an letter dated 10/29/09 from the Court Administrator's office of Schuylkill County (Defendant # 26) (Exhibit 6E).

149. That on 10/21/09 did go to criminal filing section of the Schuylkill County Court to ask there to file this Caveat they said only criminal cases they deal thus it can not be filed in that office.

(Doc. 53, p. 11, ¶'s 143.-149.).

---

[3]Since we will address the Motion to Dismiss of PA Defendant #17 (Doc. 69) in another R&R, we do not address Plaintiffs' claims against this Defendant herein.

4

Plaintiffs seem to claim that their First Amendment right to access to the courts was denied by Schuylkill County Defendants #21-#26.

As relief in Part Six, Plaintiffs seek a declaration that "blocking the entry of Dr. Agarwal to Schuylkill County Court House was unconstitutional" by Doe Defendants #21-#23 of the Schuylkill County Sheriff's Department, Defendant #24. Plaintiffs also seek a declaration that the Schuylkill County Prothonotary's Office, Defendant #25, and the Schuylkill County Court Administrator's Office, Defendant #26, "violated the Plaintiffs['] constitutional right to file an application in court of law," and that they denied Plaintiffs due process. (*Id.*, p. 10). Plaintiffs also seek compensatory and punitive damages against the present Schuylkill County Defendants, #21-#26.

As mentioned in our prior R&R, to the extent Plaintiffs are deemed as suing the present Schuylkill County Defendants in their official capacities, they are precluded from seeking monetary damages against them.[4]

## III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v.*

---

[4]Plaintiffs do not state if they sue all Defendants in their official and/or personal capacities. We note that insofar as Plaintiffs seek monetary damages against all Defendants, Plaintiffs can only sue Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, any claims for monetary damages against Defendants in their official capacities should be dismissed.

*Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

---

[5]Plaintiffs allege in their amended pleading that Defendants are state officials or state agents.

> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[6]

## IV. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he
> should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v.
> Rhodes,* 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule
> 12(b)(6) if it does not allege "enough facts to state a claim to relief that is
> plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127
> S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard
> set forth in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See
> also *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----,
> 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis
> beyond the context of the Sherman Act). The court must accept as true all
> allegations of the complaint and all reasonable factual inferences must be viewed
> in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities,
> Inc.,* 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept
> inferences drawn by plaintiff if they are unsupported by the facts as set forth in
> the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.,* 394

---

[6]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior. See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

> The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).
>
> > [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).[7]

As Defendants recognize (Doc. 60, pp. 6-7), the Court can consider the exhibits submitted by the parties. The Court in *White v. Probation Office,* 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."[8]

---

[7]In their Briefs, the present Schuylkill County Defendants and Plaintiffs recognize the effect of the *Iqbal and Twombly* cases on the Rule 12(b)(6) standard.

[8]In *Reisinger v. Luzerne County,* 2010 WL 1976821, *7, the Court pointed out:

> In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to

## V. Discussion.

*1. Service as to Doe Defendants #21-#23, and Doe Defendants #27-#51*

John Doe Defendants #21 and # 22 and Jane Doe Defendant #23 of Schuylkill County Sheriff's Department were not served with Plaintiffs' Amended Complaint. Nor were Doe Defendants #27-#51 served with Plaintiffs' Amended Complaint. As stated, we discuss Doe Defendants #27-#51 with the instant Motion to Dismiss, Doc. 59.

With respect to John Doe Defendants #21 and #22, and Jane Doe Defendant #23 of Schuylkill County Sheriff's Department, as well as Doe Defendants #27-#51, we shall recommend that these unnamed Defendants be dismissed due to insufficient service. Also, we do not find any allegations or claims asserted against Doe Defendants #27-#51 in Plaintiffs' Amended Complaint, and we find that these numerous unnamed Defendants should be dismissed due to their lack of personal involvement with any of Plaintiffs' claims. (Doc. 53). *See Innis v. Wilson,* 2009 WL 1608502 (3d Cir. 2009).

Plaintiffs have had more than ample time since they instituted this action on October 6, 2009, to identify all of their Doe Defendants and to properly serve these Defendants, and they have failed to do so. Nor have Plaintiffs shown good cause for their failure to identify and serve their

documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

numerous Doe Defendants. In fact, it has been well over 120 days since Plaintiffs first filed this action and since they filed their Amended Complaint (over 5 months ago). Plaintiffs have failed to show good cause why they have not properly served any of the Doe Defendants under Rule 4(m).

As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal*, 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis.* ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service." (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

See also *Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

More than 120 days have passed since Plaintiffs filed their Amended Complaint, and to date, Plaintiffs have not properly served the Doe Defendants.[9] Since Plaintiffs have not effectuated service on the Doe Defendants , and since they have not shown good cause for their failure to do so, we will recommend that all of the Doe Defendant be dismissed under Rule 4(m).

Therefore, we will recommend that Doe Defendants #21-#23 and Doe Defendants #27-#51 be dismissed due to improper service.[10]

As stated, we agree with Defendants (Doc. 60, p. 14), and we do not find any specific allegations against Doe Defendants #27-#51 in Plaintiffs' amended pleading in any cause of action, Parts One through Six. Nor do we find any claims specifically asserted against these numerous unnamed Doe Defendants. This also subjects the numerous Doe Defendants to dismissal. *See Jacobowtiz v. M&T Mortg. Corp.*, 2010 WL 1063895, *3 (3d Cir.).

Further, there is nothing in the federal causes of actions Plaintiffs assert to allow service on an unnamed Defendant. The Court does not have the ability to direct service on such unnamed Defendants due to Plaintiffs' failure to specifically identify them, and this warrants dismissal of the unnamed Defendants. *See Vollmer v. Bowles*, 1997 WL 102476 at * 2 (N.D. Tex 1997); *Siguradson v. DelGuercio*, 241 F. 2d 480, 482 (9th Cir. 1956) (claims against John Doe

---

[9]The Schuylkill County Defendants who jointly filed the Doc. 59 Motion to Dismiss were not named in Plaintiffs' original Complaint.

[10]Even if Doe Defendants #27-#51 are not dismissed due to improper service, they should be dismissed for failure of Plaintiffs to state their personal involvement with any of their claims. Also, even if Doe Defendants #21-#23 are not dismissed due to improper service, as discussed below, we agree with the Doc. 59 Motion to Dismiss that the claims against them are subject to dismissal.

Defendants dismissed as frivolous because federal rules make no provision for joining fictitious Defendants in an action under a federal statute); *Oliver v. Tennis*, Civil No. 08-0796, M.D. Pa., 6-16-08 Memorandum.

Thus, we will recommend that all of the John and Jane Doe Defendants, Doe Defendants #21-#23 and Doe Defendants #27-#51, be dismissed.[11]

### 2. Motion to Dismiss of Schuylkill County Defendants #21 - #26 (Doc. 59)

The three (3) remaining Schuylkill County Defendants, Sheriff Department, Prothonotary Office and Court Administrator's Office, Defendants #24, #25 and # 26, respectively, move to dismiss Plaintiffs' Amended Complaint entirely as against them for several reasons. (Doc. 60, pp. 2-14). We agree with Schuylkill County Defendants #21-#26 that Plaintiffs have failed to state a viable constitutional claim against them with respect to the three Doe individual Defendants (#21-#23), and that Plaintiffs have failed to state a § 1983 claim against Defendants Schuylkill County Sheriff Department, Prothonotary's Office and Court Administrator's Office under *Monell*.

One of Plaintiffs' exhibits attached to their Amended Complaint is a copy of the October 6, 2009 Warning sent to Plaintiff Madhu Agarwal by Schuylkill County Tax Claim Bureau that their Kelayres, Pennsylvania, property was sold at a September 25, 2009 tax sale for the collection of delinquent taxes, and it advised Plaintiffs that they could file Objections to the sale within 30 days. (Doc. 53, Ex. 6A).

---

[11]We do not recommend that the John and Jane Doe Defendants be dismissed without prejudice since we find futility of allowing Plaintiffs further leave to amend any of their claims. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

13

As stated, Schuylkill County Defendants #21-#26 submitted exhibits with their Doc. 59 Motion. Defendants' exhibits show that on October 26, 2009, Plaintiffs, through counsel, filed Objections to the Schuylkill County Tax Claim Bureau's Upset Sale regarding Plaintiffs' Kelayres, Kline Township, Schuylkill County property in Civil Case S-3043-2009, in the Schuylkill County Court of Common Pleas ("CCP"). (Doc. 59-3, Ex. A, and Doc. 59-4). In their Objections, Plaintiffs contended that they proffered proper payments to the Schuylkill County Tax Claim Bureau which the Bureau did not negotiate and credit towards their property, and that the Bureau failed to issue the Pennsylvania statutorily mandated notice regarding the sale of their property under 72 PS § 5860.607. In their Objections, Plaintiffs requested that the Schuylkill County CCP set aside or invalidate the tax sale of their Kelayres property. Schuylkill County Defendants #21-#26 also submitted as an exhibit with their Doc. 59 Motion a copy of an October 28, 2009 Order of the Schuylkill County CCP scheduling a hearing with respect to Plaintiffs' Objections to the Tax Sale for November 12, 2009 in the Schuylkill County courthouse. (Doc. 59-4, Ex. B). We do not find that either Plaintiffs or Defendants have advised the Court as to the outcome of the November 12, 2009 Schuylkill County hearing. In their opposition Brief, Plaintiffs acknowledge that they filed Objections to the Tax Sale but they contend that their present action is different from the Objections they filed. (Doc. 100, p. 3).

Schuylkill County Defendants #21-#26 state that after Plaintiffs received the warning from the Tax Claim Bureau that their property was sold, Plaintiffs tried to file their so-called "Caveat." (Doc. 53, Ex. 6A and Ex. 6C). Defendants state that "the document titled 'Caveat' was not a pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure

14

and hence was not filed." (Doc. 60, p. 9). The record shows that Plaintiffs later filed, through counsel, a proper document titled "Objection/Exception To Tax Sale" with Schuylkill County CCP and that a hearing on their Objection was scheduled. (Docs. 59-3 and 59-4). Defendants argue that with respect to Plaintiffs' First Amendment denial of access to the courts claim raised, in part, against them in Part Six of the Amended Complaint, the evidence demonstrates that Plaintiffs did not suffer an actual injury to any court action. We agree with Defendants.

In *O'Connell v. Sobina* , 2008 WL 144199, * 10 (W.D. Pa.), the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher*, 536 U.S. at 415.

The Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 349-56 (1996), held that a plaintiff alleging the denial of access to the courts must show "actual injury," like the dismissal of a suit or the inability to file a complaint, as a result of Defendants' alleged unconstitutional conduct. To establish an actual injury, Plaintiff must be "... hindered in an effort to pursue a nonfrivolous legal claim." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir.2006) citing *Lewis*, 518 U.S. at 353.

In their Amended Complaint, Plaintiffs do not allege that they suffered any actual injury to any court case. In fact, Plaintiffs' own evidence along with Defendants' exhibits, shows that Plaintiffs were able to oppose the tax sale, and this evidence belies Plaintiffs' claim that they were

denied access to the Schuylkill County Court. As stated, Plaintiffs were able to file Objections to the Tax Sale of their property and the Schuylkill County Court scheduled a hearing. The alleged conduct of the Defendants did not frustrate Plaintiffs' litigation regarding their Objections to the tax sale of their property. Also, as Defendants point out (Doc. 60, pp. 11-12), the "Caveat" Plaintiffs tried to file was not a proper legal document under Pennsylvania Rules. Specifically, Defendants state:

> Under the Pennsylvania Rules of Civil Procedure, Rule 205-2 the filing of legal papers is to be made with the prothonotary with regard to civil matters. Rule 205.2 provides in pertinent part that "no pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary . . . " In the instant case the "Caveat" did not bear any court term and number and was not filed to any specific case. More significantly, a "Caveat" is not a pleading or legal paper that complies with the Pennsylvania Rules of Civil Procedure. There is no provision under the rules for the filing of a "Caveat." Thus, to the extent the Prothonotary or the Sheriff's Office prevented the filing of the "Caveat," there is no constitutional violation as plaintiff attempted to file an improper document not authorized by the Court Rules.

(*Id.*).

Based on Plaintiffs' Objections which they were able to timely file with the Schuylkill County Court, we find that Plaintiffs had unfettered access to the County Court to challenge the tax sale at issue. Thus, since Plaintiffs cannot show that any underlying claims were harmed by any Defendants' alleged conduct, they fail to state a First Amendment claim for denial of access to the court. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim); *Romansky v. Stickman*, 147 Fed. Appx. 310, 312 (3d Cir. 2005)(Non-Precedential)("*Christopher*

16

[case] requires that 'the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.")(citing *Christopher* at 416); *O'Connell*, 2008 WL 144199, * 10.

Additionally, as Defendants assert (*Id.*, p. 12), with respect to Plaintiffs' allegations that Doe Defendants #21-#23 of the Schuylkill County Sheriff's Department prevented Dr. Agarwal from entering the courthouse on three occasions, Plaintiffs fail to state any violation of their constitutional rights by these unnamed Defendants. The only arguable claim against these three unnamed Defendants is a First Amendment denial of access to the courts claims, which we have found to be subject to dismissal.

Moreover, we agree with Defendants that Plaintiffs' allegations against Defendant Court Administrator's Office that it returned the "Caveat" to Plaintiffs and advised them that it was not a filing office clearly fails to state any cognizable constitutional claim.

Finally, Defendants contend that Plaintiffs have failed to allege a proper claim against Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office under *Monell*. We again agree with Defendants.

As Defendants recognize, Plaintiffs' claims against Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office must be analyzed in accordance with *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978). *See Reisinger v. Luzerne County,* 2010 1976821, *15, n. 23 (M.D. Pa.); *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL

17

559467, *9 (M.D. Pa.). Since Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office are local governmental units, the standards annunciated in *Monell* apply to them. *See Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.), 639 F. Supp.2d 566 (E.D. Pa. 2009).

As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690, 98 S.Ct. 2018. Because PrimeCare contracted to provide medical care to inmates at the Prison, the same standards apply. *See West*, 487 U.S. at 56, 108 S.Ct. 2250.

*Id.*

We agree with Schuylkill County Defendants and find that Plaintiffs have not properly stated a municipal liability claim under *Monell* against Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office with respect to any of their stated constitutional claims. Also, as Defendants state (Doc. 60, p. 13), Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office cannot be held liable for the conduct of persons they supervise pursuant to *respondeat superior* as Plaintiffs clearly attempt to do in this case with respect to all of their claims. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9. Rather, "[Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office] are] subject to liability to the extent [they] maintain an unconstitutional custom or policy that caused the alleged constitutional

18

violation." *Id.* (citation omitted). As discussed above, Plaintiffs do not allege any custom or policy with respect to Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office. We have also agreed with Defendants that Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office did not violate any of Plaintiffs' constitutional rights. Thus, we agree with Schuylkill County Defendants that Plaintiffs' Amended Complaint "states no claim for county liability under *Monell*." (*Id.*, p. 13).[12]

As the *Kokinda* Court stated:

A municipality cannot be held liable for the actions of its employees under § 1983 based upon *respondeat superior*. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "the government as an entity is responsible under § 1983" when it "caused" the Plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. 2018. Where, as here, Plaintiff alleges that the flawed policy is a failure to train, the municipality can be held liable when "'that failure amounts to "deliberate indifference . . . [to the constitutional rights of persons with whom the police come in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate 'constitutional'' injury."

---

[12]As discussed above, we have not found any constitutional violation alleged with respect to Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office. Since there is no constitutional violation, there can be no local governmental or individual supervisory liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed. 2d. 806 (1986); *Grazier v. City of Philadelphia,* 328 F.3d 120, 124 (3d. Cir. 2003). Further, a municipality cannot incur *Monell* liability where, as in our case, the officials have not deprived Plaintiffs of any constitutional rights. *See Williams v. Borough of West Chester,* 891 F.2d 458, 467 (3d Cir. 1989).

19

*Id.* at 325 (citations omitted).

To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

Plaintiffs do not make any allegations as described above against Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office necessary to make them subject to municipality liable in a § 1983 action. Plaintiffs do not allege any causal nexus between an identifiable policy and their alleged constitutional injuries. We find that Plaintiffs have not sufficiently stated a claim under *Monell* against Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office with respect to any of their constitutional claims.

Based on *Kokinda, Meyers*, and *Malles*, as well as *Mueller v. Centre County*, 2009 WL 4912305 (M.D. Pa.), we find Plaintiffs' allegations do not sufficiently state that Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office caused any alleged conduct of the individual Schuylkill County Defendants by having a custom, policy, practice and procedure, and how this policy gave rise to the constitutional violations alleged in the Amended Complaint. Therefore, we will recommend that Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office be dismissed with prejudice.

Accordingly, we will recommend that the Motion to Dismiss of Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office, as well as Doe Defendants #21-#23 and Doe Defendants #27-#51 **(Doc. 59)** be granted and that these Defendants be dismissed with prejudice.

## VI. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiffs' Amended Complaint of Schuylkill County Defendants Sheriff's Department, Court Administrator's Office and Prothonotary's Office as well as Doe Defendants #21-#23 and Doe Defendants #27-#51 **(Doc. 59)** be granted, and that all of Plaintiffs' claims against these Defendants be dismissed with prejudice.[13]

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 28, 2010

---

[13]Pursuant to our above discussion and our prior R&R issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against the moving Schuylkill County Defendants, and we shall not recommend Plaintiffs be granted leave to once again amend their pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).