IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADHU AGARWAL and
DR. ANIL AGARWAL,      :      CIVIL ACTION NO. **3:CV-09-1921**
                       :
         Plaintiffs    :      (Judge Caputo)
                       :
            v.         :      (Magistrate Judge Blewitt)
                       :
SCHUYLKILL COUNTY TAX CLAIM   :
BUREAU, et al.,        :
                       :
         Defendants    :

## REPORT AND RECOMMENDATION

**I. Background.**

Because we detailed this case's complete procedural and factual background in our recent June 22, 2010 R&R (Doc. 122), and our July 27, 2010 and July 2 8, 2010 R&R's (Docs. 125 and 126)[1], we do not fully repeat it herein. The instant Report and Recommendation ("R&R") pertains to Defendant Hazleton City Water Authority ("HCWA") and its Rule 12(b)(6) Motion to Dismiss. **(Doc. 82)**.

On January 8, 2010, Defendant HCWA filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint with attached exhibits. **(Doc. 82).** Defendant HCWA simultaneously filed its support Brief. (Doc. 83). Plaintiffs filed their opposition Brief on February 23, 2010. (Doc. 114). Defendant HCWA filed its Reply Brief on March 8, 2010. (Doc. 116).

---

[1]On July 14, 2010, the District Court adopted our June 22, 2010, Doc. 122 R&R. (Doc. 123). On July 20, 2010, Plaintiffs filed a Notice of Appeal with the Third Circuit regarding the District Court's July 14, 2010 Order. (Doc. 124).

As Plaintiffs recognize (Doc. 53, p. 1), jurisdiction of this action is based on the federal question rule under 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1343(a). Furthermore, this Court can exercise jurisdiction over any of Plaintiffs' state law claims under 28 U.S.C. §1367.

II. **Allegations of Amended Complaint (Doc. 53).**

Plaintiffs assert six (6) causes of actions in their Amended Complaint which they refer to as "Part One" through "Part Six." Plaintiffs claims against Defendant HCWA are found primarily in Part Four of the Amended Complaint. We limit our discussion in this R&R to the allegations against Defendant HCWA.[2] Plaintiffs allege that Defendant HCWA violated their constitutional rights when it failed to provide water services to Plaintiffs' property. More specifically, Plaintiffs allege that Defendant HCWA maliciously refused to turn off water on their real property identified as Property Parcel No. 15-11-51 in Schuylkill County, Pennsylvania. As Defendant states, Plaintiffs also aver that Defendant HCWA failed to "make water available to a new tenant" and failed to "make a previous tenant responsible for an old bill." (Doc. 83, pp. 1-2). Additionally, Plaintiffs allege that Defendant HCWA used "strong arm" tactics to collect unpaid water bills. (*Id.*). Plaintiffs assert that Defendant HCWA's failure to shut off the water and its subsequent refusal to turn water back on violated their due process rights under the United States Constitution. Plaintiffs further contend that Defendant HCWA conspired with others in its refusal to shut off water to their property.

---

[2] Plaintiffs refer to Defendant HCWA in their Amended Complaint as Defendant #18.

According to Plaintiffs, Defendant HCWA and others refused to shut off water to their property for the purpose of generating a bill and for filing a subsequent lien on their property. Plaintiffs also assert claims against Defendant of "racketeering" and they seek compensatory and punitive damages.

## III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Furthermore, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

---

[3]Plaintiffs allege in their amended pleading that Defendants are state officials or state agents.

3

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode*, 845 F.2d at 1208.

## IV. Motion to Dismiss Standard.

The Court in *Williams v. Hull*, 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

4

The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009). In *Fowler*, the Court stated:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.]

5

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See *Philips [v. Co. of Alleghany]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

Thus, the Court does not have to accept legal conclusions as true. *Id.*

The Court can consider the exhibits submitted by the parties when considering a Rule 12(b)(6) motion. The Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. See *Tilbury v. Aames Home Loan*, 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

See also *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).[4]

---

[4]See also *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.).

6

V. **Discussion.**

1. *Defendant HCWA's Motion to Dismiss based on Plaintiffs' Failure to Allege Any Facts Establishing a Valid Civil Rights Claim*

As stated, Plaintiffs allege that Defendant HCWA violated their due process rights under the U.S. Constitution pursuant to § 1983 when HCWA failed to provide water services to Plaintiffs' property. More specifically, Plaintiffs contend that Defendant HCWA violated their due process rights when it refused to turn on the water to their property after billing them for services which they asked to terminate. As Defendant HCWA points out (Doc. 83, p. 6-7), and as we have stated in our prior R&R's, under *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d. Cir. 1988), Plaintiffs have no constitutional right to use and enjoy a municipality's water services. See *Ransom*, 848 F.2d at 412 (holding that the city's denial of water services to plaintiffs' properties burdened by unpaid bills did not violate plaintiffs' due process rights under the Constitution). Thus, even though we must accept Plaintiffs' factual allegations in their Amended Complaint are true, they fail to properly state a viable claim under § 1983 because they fail to put forth any constitutional right which Defendant HCWA allegedly violated. See *Parratt v. Taylor*, 451 U.S. 527 (1981).

Accordingly, we will recommend that Defendant HCWA's Motion to Dismiss be granted due to Plaintiffs' failure to state a cognizable constitutional claim.

2. *Defendant HCWA's Motion to Dismiss Plaintiffs' State Law Tort Claims Pursuant to the Pennsylvania Political Subdivision Tort Claims Act*

We agree with Defendant HCWA (Doc. 83, pp. 9-10) that Plaintiffs' claims against it sounding in tort should be dismissed pursuant to the Pennsylvania Political Subdivision Torts Claims

7

Act ("the Act"). *See* 42 Pa. Const. Stat. § 8541, *et seq.* The Act immunizes local agencies[5] against claims for tort damages. This rule is subject to eight exceptions. The Court in *Debellis v. Kulp*, 166 F. Supp. 2d. 255, 278 (E.D. Pa. 2001) explained, "Under the Act, local agencies are not liable for injuries caused by their own acts or the acts of their employees that constitute "a crime, actual fraud, malice or willful misconduct," or for negligent acts unless they fall within one of eight categories." These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody or control of animals. 42 Pa. Cons.Stat. § 8542(b). The only arguable exception which could apply to this case with respect to Defendant HCWA is the utility service facility exception. Under the Act, a utility service facility may be held liable if:

> A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42. Pa. C.S.A. § 8542 (b)(5).

Plaintiffs' claims against Defendant HCWA, detailed above regarding alleged incorrect billing for water services and, the failure to turn off water service and the failure to turn back on water service, do not fall within the utility service facility exception under the Act. Thus, we

---

[5] Under 42 Pa. Cons.Stat. § 8542(a), "Local agency" is defined as "a government unit other than the Commonwealth government." Defendant HCWA is a local agency.

conclude that Plaintiffs' Amended Complaint does not allege that a dangerous condition accompanied the utility services provided by Defendant HCWA to the Plaintiffs' property.

Here, as noted, Defendant HCWA is a local agency under the Act. We agree with Defendant HCWA that Plaintiffs' claims against it do not fall within any exception to the Act which immunizes local agencies from tort claims.." (Doc. 94). Therefore, HCWA is entitled to the Act's immunity.

Accordingly, we will recommend that Defendant HCWA's motion to dismiss Plaintiffs' claims against it sounding in tort be granted.

3. *Defendant HCWA's Motion to Dismiss Plaintiffs' RICO Claim due to Failure to Allege Sufficient Facts*

Plaintiffs appear to assert that Defendant HCWA engaged in racketeering when it failed to turn off/on water services to their property. In *Ukasik v. McWilliams*, 2009 WL 3516441, *6-*7 (W.D. Pa.), the Court explained that a civil RICO claim:

> provides a civil remedy for [a]ny person injured in his business or property by reason of a violation of Section 1962 of this chapter." FN22 18 U.S.C. § 1964(c). In turn, Section 1962 prohibits four types of activities. Section 1962(a) prohibits "any person who has received any income derived ... from a pattern of racketeering activity" from using that income to acquire, establish or operate any enterprise which is engaged in interstate or foreign commerce.FN23 Section 1962(b) prohibits "any person through a pattern of racketeering activity" from acquiring or maintaining any interest in or control of any enterprise engaged in interstate or foreign commerce. Section 1962(c) prohibits any person employed by or associated with any enterprise engaged in interstate or foreign commerce from conducting or participating in the conduct of the enterprise's affairs "through a pattern of racketeering activity." Finally, Section 1962(d) prohibits any person from conspiring to violate any of the provisions of subsections (a), (b) or (c).FN24

9

> FN22. A successful plaintiff in a civil RICO action may recover treble damages and the cost of the suit, including a reasonable attorney's fee. 18 U.S.C. § 1964(c).
>
> FN23. Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).
>
> FN24. In the present case, Plaintiff asserts that Defendants violated all four subsections of Section 1962. (Document No. 48, ¶ 1).

Case law has established separate requirements for certain subsections of Section 1962. FN25 *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1411 (3d Cir.1991). However, all subsections of Section 1962 require a "pattern of racketeering activity." No defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern. *Banks v. Wolk,* 918 F.2d 418, 421 (3d Cir.1990).

> FN25. For example, in *Kehr,* the Third Circuit noted that under Section 1962(a), a plaintiff must allege injury specifically from a defendant's use or investment of income from racketeering activity in the named enterprise and, under Section 1962(b), a plaintiff must allege a specific nexus between control of a named enterprise and the alleged racketeering activity. However, Section 1962(c) is not subject to these nexus limitations. Moreover, while an entity can be both an enterprise and a defendant for purposes of Section 1962(a), such a dual role is impermissible in actions based on Section 1962(c). *See* 926 F.2d at 1411.

Section 1961(1) sets forth a list of the predicate offenses that constitute "racketeering activity" under RICO. The list, which is exhaustive, may be divided into two broad categories. The first category includes acts or threats involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter or dealing in a controlled substance that are chargeable under State law and punishable by

imprisonment for more than one year, while the second category includes acts that are indictable under specific federal statutes.

In the present case, we concur with Defendant HCWA (Doc. 83, pp. 10-11) that Plaintiffs fail to allege that it participated in any predicate offenses necessary to constitute a civil RICO claim. In fact, Pennsylvania law permits municipalities to enter liens against property owners for unpaid utility bills irrespective of whether a tenant or owner inhabits the property. See Lord v. Borough of Pottstown, 1997 U.S. Dist. LEXIS 917 (E.D. Pa. 1997). As such, Defendant HCWA engaged in legal activity when it sought collection for unpaid water bills. We agree with Defendant HCWA that Plaintiffs' racketeering claim against it is a "general and unsupported" assertion clearly insufficient under Twombly, supra.

Accordingly, we will recommend that Plaintiffs' RICO claim against Defendant HCWA be dismissed.

4. *Defendant HCWA's Motion to Dismiss Plaintiffs' Conspiracy Claim due to Plaintiffs' Failure to State Specific Factual Allegations*

Plaintiffs allege that Defendant HCWA conspired with others in its refusal to provide water service and in its failure to turn off water service to Plaintiffs' property, and to cause damage to their property. According to Plaintiffs, Defendant HCWA conspired with respect to its alleged refusals for the purpose of generating a bill and then filing a lien on their property. In Pennsylvania, as Defendant HCWA recognizes (Doc. 83, pp. 11-12), a plaintiff must satisfy three elements to state a cause of action for civil conspiracy. See General Refractories v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003). These three elements are: 1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to

11

do a lawful act by unlawful means or for an unlawful purpose 2) an overt act done in pursuance of the common purpose and 3) actual legal damage." *General Refractories*, 337 F.3d at 313. Furthermore, civil conspiracy liability requires "a separate underlying tort as a predicate for liability." *Id.*(upholding dismissal of plaintiffs' civil conspiracy claims under the FDCA when such claims would not be actionable if brought against a single defendant) . Thus, to state a cause of action for civil conspiracy under PA law, a plaintiff must show actionable liability independent of the civil conspiracy claim. *Id.*

In the present case, we agree with Defendant HCWA that Plaintiffs fail to allege that it acted with "a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose." *Id.* Additionally, Plaintiffs fail to allege that Defendant HCWA committed an overt act in pursuance of any common purpose. *Id.* Lastly, similar to *General Refractories*, Plaintiffs fail to show that Defendant HCWA is subject to any actionable liability independent of the civil conspiracy claim.

Thus, we will recommend that Plaintiffs' civil conspiracy claim under PA law against Defendant HCWA should be dismissed.

Moreover, to the extent Plaintiffs are deemed as alleging a §1983 conspiracy claim against Defendant HCWA, we also find that this claim should be dismissed. As stated, Plaintiffs merely allege a vague conspiracy absent any specific agreement between Defendant HCWA and the other Defendants to violate their constitutional rights. We find that Plaintiffs' bare conclusory allegations of a § 1983 conspiracy against Defendant HCWA are inadequate to state a cognizable conspiracy claim. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa.

12

1992), aff'd. 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives. Bare conclusory allegations of 'conspiracy' ... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Id*. at 928.

As the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

Plaintiffs do not specify any role or agreement of Defendant HCWA with any of the other Defendants in the alleged conspiracy to improperly bill them for water services in order to place a lien on their property.

Therefore, we will recommend that the Court dismiss Plaintiffs' conspiracy claim as against Defendant HCWA insofar as it is deemed being under § 1983. *See Kokinda v. Breiner*,

557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

### 5. HCWA's Motion to Dismiss Plaintiffs' Claims for Punitive Damages

Plaintiffs seek punitive damages against Defendant HCWA. In *Monell v. Dep't. of Soc. Serv. of NYC*, 436 U.S. 658 (1978), the Supreme Court held "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Although § 1983 applies to municipalities and other local government units, such entities are not subject to punitive damages under the statute's provisions. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that respondents were not entitled to punitive damages against the City of Newport under their § 1983 claim when the city revoked respondents' license to promote music concerts). A city's water authority is considered a local government unit for purposes of punitive damage immunity. *See High v. Chicago Water Dept.*, 2005 WL 3527256 (N.D. Ill. 2005). Like the defendants in *Fact Concerts Inc.*, Defendant HCWA is a local government entity. As such, we find that Defendant HCWA is immune from punitive damages. *See Facts Concerts, Inc.*, 453 U.S. at 271.

Accordingly, we will recommend that Defendant HCWA's Motion to Dismiss Plaintiffs' claim for punitive damages against it be granted.[6]

---

[6]We also agree with Defendant HCWA (Doc. 83, p. 12-13) that Plaintiffs' Amended Complaint fails to state a viable claim for punitive damages against it under Pennsylvania law. In Pennsylvania, it has been held that awarding punitive damages is warranted when conduct is outrageous "because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 770 (2005). A plaintiff seeking to demonstrate that a defendant's conduct was outrageous must first establish that the defendant possessed the requisite state of mind. *Id.*, 870 A.2d at 770-71. The actions or inactions of a defendant must be intentional, reckless or malicious. *Id.* at 771; *see also Burke v. TransAm Trucking, Inc.*, 605 F. Supp.2d 647, 651 (M.D. Pa, 2009). As the *Hutchison* Court stated, "in

14

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Defendant HCWA's Motion to Dismiss Plaintiffs' Amended Complaint **(Doc. 82)** be granted[7] and that Defendant HCWA be dismissed from this action with prejudice.[8] It is also recommend that the Court decline to

---

Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 772.

[7]Although not argued in Defendant HCWA's brief, we also find that Plaintiffs' Amended Complaint should be dismissed against pursuant to the *Younger* Abstention Doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate when " (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3$^d$ Cir. 2004). As discussed in our previous R&R's, we also find that Plaintiffs' claims against Defendant HCWA should be dismissed pursuant to *Younger* abstention because this case satisfies the doctrine's three requirements.

[8]Pursuant to our above discussion and our prior R&R's issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against Defendant HCWA, and we shall not recommend Plaintiffs be granted leave to once again amend their second pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendant HCWA since they fail to state any viable federal claim against it. See 28 U.S.C. § 1367(c)(3); *Verdecchia v. Prozan*, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: **August 3, 2010**