IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADHU AGARWAL and                  :
DR. ANIL AGARWAL,                  :    CIVIL ACTION NO. **3:CV-09-1921**
                                   :
        Plaintiffs                 :    (Judge Caputo)
                                   :
            v.                     :    (Magistrate Judge Blewitt)
                                   :
SCHUYLKILL COUNTY TAX CLAIM        :
BUREAU, et al.,                    :
                                   :
                                   :
        Defendants                 :

## **REPORT AND RECOMMENDATION**

**I. Background.**

Because we detailed this case's complete procedural and factual background in our recent June 22, 2010 and July 27, 2010 Reports and Recommendations (Docs. 122 and 125)[1] we do not fully repeat it herein. This Report and Recommendation ("R&R") pertains to Defendants Kline Township, Kline Township Supervisors, and Kline Township Police Department (hereinafter "Kline Defendants") and their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint **(Doc. 68)**.[2]

On January 6, 2010, Kline Defendants filed a Rule 12(b)(6) Motion to Dismiss. (Doc. 68). Kline Defendants simultaneously filed their support brief. (Doc. 69). Kline Defendants also refer to Exhibit B, Doc. 121 to support their Motion to Dismiss Plaintiffs' Amended Complaint. (Doc.

---

[1]We note that on July 14, 2010, the District Court adopted our Doc. 122 R&R in which we recommended that the Docs. 55 and 66 Motions to Dismiss be granted.

[2]Plaintiffs refer to the present Kline Defendants as Defendants # 11, 12, and 16 in their Amended Complaint (Doc. 53).

1

121). Plaintiffs filed their opposition Brief on February 3, 2010. (Doc. 104).[3] Kline Defendants filed their Reply Brief on March 5, 2010. (Doc. 115).

As Plaintiffs recognize (Doc. 53), jurisdiction of this action is based on federal question under 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' 1983 claims pursuant to 28 U.S.C. § 1343(a). Furthermore, this Court can exercise jurisdiction over any of Plaintiffs' state law claims under 28 U.S.C. § 1367.

## II. Allegations of Amended Complaint (Doc. 53).

Plaintiffs assert six (6) causes of action in their Amended Complaint which they refer to as "Part One" through "Part Six." Plaintiffs' claims against Kline Defendants are found primarily in Part Three of the Amended Complaint. We limit our discussion in this R&R to the allegations against Kline Defendants.

Plaintiffs allege that Kline Defendants maliciously refused to turn off water on their property parcel No. 15-11-51 located in Kline Township, Schuylkill County, Pennsylvania. Plaintiffs complain that Kline Defendants' failure to shut off water to their property resulted in property damage when their pipes froze and burst. Plaintiffs assert that the failure to shut off the water and Kline Defendants' subsequent alleged refusal to turn the water back on violated their due process rights under the U.S. Constitution. Plaintiffs further contend that Kline Defendants conspired in their refusal to shut off water to their property. According to Plaintiffs, Kline Defendants conspired in their refusal to shut off the water for the purpose of generating a bill and then filing a lien against

---

[3]Plaintiffs filed two identical opposition briefs with respect to Kline Defendants' Motion to Dismiss. The first brief was filed on February 3, 2010, and the second brief was filed on February 19, 2010. (Docs. 104 and 110).

their property.[4]  Further, Plaintiffs allege that the conduct of Kline Defendants, along with the conduct of other Defendants, amounted to "malicious prosecution." (Doc. 53, ¶ 92).

Plaintiffs seek compensatory and punitive damages against Kline Defendants.

### III.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Furthermore, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660 (citations omitted).

---

[5] Plaintiffs sufficiently allege in their amended pleading that Kline Defendants are state officials or state agents.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**IV. Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, \*2-\*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

The Circuit Court discussed the effects of *Twombly* and *Iqbal* in *Fowler v. UPMC Shadyside,*578 F.3d 203 (3d Cir.2009). In *Fowler*, the Court stated:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true,

5

> but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown]'- 'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Court can consider the exhibits submitted by the parties. The Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

*See also Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).[6]

---

[6]*See also Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.).

6

**V. Discussion.**

   *1.   Kline Defendants' Motion to Dismiss due to Plaintiffs' failure to allege any facts establishing a cognizable civil rights claim*

Plaintiffs allege that Kline Defendants violated their due process rights when these Defendants failed to provide water service to Plaintiffs' property and failed to shut off the water service when they (Plaintiffs) requested. However, as Kline Defendants argue (Doc. 115, pp. 1-2), based on *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d. Cir. 1988), Plaintiffs have no recognized constitutional right to use and enjoy a municipality's water services. The *Ransom* Court held that the city's denial of water services to plaintiffs' properties due to unpaid bills did not violate plaintiffs' due process rights under the Constitution. We find no merit in Plaintiffs' attempt to distinguish *Ransom* from their case. Thus, we agree with Kline Defendants' that Plaintiffs Agarwal fail to state a § 1983 claim because they fail to assert any recognized constitutional right which Kline Defendants violated. *Parrat v. Taylor*, 451 U.S. 527 (1981).

Further, as Kline Defendants point out (Doc. 115, p. 2), Plaintiffs admit in their in their opposition Brief (Doc. 104, ¶ 12) that Kline Defendants were not involved with their (Plaintiffs') request to shut off the water to their property. As stated above, the personal involvement of each Defendant must be sufficiently stated in a § 1983 action. *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).

Accordingly, we will recommend that the Kline Defendants' Motion to Dismiss be granted with respect to Plaintiffs' constitutional claims against them under § 1983.

*2.    Kline Defendants' Motion to Dismiss Plaintiffs' Conspiracy Claim*

Plaintiffs contend that Kline Defendants conspired in their refusal to provide water service to Plaintiffs' property.  Plaintiffs allege that Kline Defendants conspired in their refusal to shut off water service to their (Plaintiffs') property for the purpose of generating a bill and filing a lien against their property.[7]

In order to set forth a § 1983 cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990). *See also, Colburn v. Upper Darby Twp.,* 838 F.2d 663 (3d Cir.1988).

The essence of a conspiracy is an agreement or concerted action between individuals.  *See D.R. by L.R.*, 972 F.2d at 1377; *Durre,* 869 F.2d at 545.  A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See id.; Rose,* 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some

---

[7] As indicated above, Plaintiffs' allegations in their Amended Complaint regarding their conspiracy claim against Kline Defendants is inconsistent with present opposition Brief.  (Doc. 104, ¶ 12).

type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir.1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405 n. 16.

In the present case, Plaintiffs fail to allege any facts showing a meeting of the minds between Kline Defendants and others. Additionally, Plaintiffs fail to allege that Kline Defendants acted with an intention to deprive Plaintiffs of a protected federal right. As such, we will recommend that Plaintiffs' § 1983 civil conspiracy claim against Kline Defendants be dismissed.

Moreover, in so far as Plaintiffs' allegations may be construed as alleging civil conspiracy under Pennsylvania law, we will also recommend that such a state law claim be dismissed. In *Grose v. Procter & Gamble Paper Products*, 866 A.2d 437, 440-41 (Pa. Super. 2005), the Court stated:

> In order for a claim of civil conspiracy to proceed, a plaintiff must "allege the existence of all elements necessary to such a cause of action." *Rutherfoord v. Presbyterian-University Hospital*, 417 Pa. Super. 316, 612 A.2d 500, 508 (1992) (citation omitted).
>
> The Pennsylvania Supreme Court set forth the elements of civil conspiracy in *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979): "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification. Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design...and actual legal damage results." *Id.*
>
> In addition, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Id.*

We agree with Kline Defendants (Doc. 92, pp. 8-9) and find under Pennsylvania law that Plaintiffs fail to allege that Kline Defendants acted with any common purpose to do an unlawful act or to do an otherwise lawful act by unlawful means. We also find that Plaintiffs fail to allege

9

that Kline Defendants committed an overt act done in pursuance of any common purpose. As such, in so far as Plaintiffs allegations may be construed as alleging civil conspiracy under Pennsylvania law, we will recommend that such claim also be dismissed.

　　*3. Kline Defendants' Motion to Dismiss Plaintiffs claims for punitive damages*

Plaintiffs seek punitive and exemplary damages against Kline Defendants. In *Monell v. Dep't. of Soc. Serv. Of NYC*, 436 U.S. 658 (1978) the Supreme Court held "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Although §1983 applies to municipalities and other local government units, such entities are not subject to punitive damages under the statute's provisions. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that respondents were not entitled to punitive damages against the City of Newport under their §1983 claim when the city revoked respondents' license to promote music concerts). Like the defendants in *City of Newport v. Facts Concerts, Inc.,* 453 U.S. 247, 271 (1981), Kline Defendants are local government entities. As such, they are immune from punitive damages. *Id*.

Accordingly, we will recommend that Kline Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages should be granted.[8]

---

[8]We further agree with Kline Defendants that "Plaintiffs' Amended Complaint contains redundant, immaterial, and impertinent matter," violating Fed.R.Civ.P. 12(f). (Doc. 92, p. 10). We also agree with Kline Defendants that Plaintiffs' Amended Complaint violates Rule 8.1 of the Rules of the United States District Court for the Middle District of Pennsylvania which holds "...any pleading demanding general damages unliquidated in an amount shall, without claiming any specific sum, set forth only that money damages are claimed." (Doc. 92, p. 11). As such, Plaintiffs' prayer for relief in their Amended Complaint should be stricken.

*4.     Kline Defendants' Motion to Dismiss Kline Township Police Department*

We agree with Kline Defendants that any § 1983 claim against the Kline Township Police Department should be dismissed. (Doc. 92, p. 7). The Court in *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. 2001), stated, "[i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."

Because Plaintiffs are suing Kline Township, they are precluded from suing the Kline Township Police Department for the same § 1983 claims. Thus, we will recommend that Defendant Kline Township Police Department be dismissed from this case with prejudice.

*5.     Kline Defendants' Motion to Dismiss Plaintiffs' malicious prosecution claim*

Plaintiffs allege that Kline Defendants are liable for malicious prosecution. While Plaintiffs do not specify whether their malicious prosecution claim is pursuant to § 1983 or Pennsylvania law, nonetheless we find that this claim should be dismissed. We will first address Plaintiffs' malicious prosecution claim under § 1983. We will then address Plaintiffs' malicious prosecution claim under 42 Pa. C.S.A. § 8351.

We find that Plaintiffs' malicious prosecution claim under § 1983 should be dismissed. In *Johnson v. Knorr*, 477 F.3d 75, 82 (3d. Cir. 2007), the Court held that a plaintiff must satisfy five elements to prevail on a malicious prosecution claim. These five elements are: 1) the defendant initiated a criminal proceeding, 2) the criminal proceeding ended in his (plaintiff's) favor, 3) the defendant initiated the proceeding without probable cause, 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and 5) the plaintiff

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Here, Plaintiffs fail to allege that Kline Defendants initiated a criminal proceeding against them. As such, Plaintiffs fail to properly allege a malicious prosecution claim under § 1983.

Accordingly, we will recommend that Plaintiffs' § 1983 malicious prosecution claim against Kline Defendants be dismissed.

We also find that Plaintiffs' state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 should be dismissed. The Court in *Ludmer v. Nemberg*, 553 A.2d 924, 926 (Pa. 1989), explained that a plaintiff must satisfy two elements to prevail on a malicious prosecution claim under 42 Pa. C.S.A. § 8351. First, the defendant must have initiated a lawsuit without probable cause or in a grossly negligent manner. Second, the plaintiff must have attained a favorable outcome in that lawsuit. *Ludmer*, 553 A.2d at 926. Here, Plaintiffs fail to allege that Kline Defendants initiated a legal proceeding against them. Thus, Plaintiffs fail to properly allege a state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 against Kline Defendants. Again, we agree with Kline Defendants that Plaintiffs' state law malicious prosecution claim should be dismissed.

Moreover, Plaintiffs' malicious prosecution claim should be dismissed pursuant to "the Pennsylvania Political Subdivision Tort Claims Act ("the Act). *See* 42 Pa. Const. Stat. § 8541-64. The Act immunizes local agencies[9] against claims for damages. This rule is subject to eight

---

[9] 42 Pa. Cons. Stat. § 8542(a) "Local agency" means "a government unit other than the Commonwealth government." 42 Pa. Cons. Stat. § 8501.

exceptions. The Court in *DeBellis v. Kulp*, 166 F.Supp.2d 255, 278 (E.D. Pa 2001) explained: "Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees that constitute 'a crime, actual fraud, malice, or willful misconduct, or for negligent acts' unless they fall within one of eight categories." *See DeBellis*, 166 F. Supp. 2d at 278. These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b). Here, Kline Defendants are local agencies under the Act. Plaintiffs' claim for malicious prosecution does not fall within any exception to the Act rule which immunizes local agencies against claims for damages. Therefore, we find that Kline Defendants are entitled to the Act's immunity regarding Plaintiffs' malicious prosecution claim.

Accordingly, we will recommend that Kline Defendants Motion to Dismiss Plaintiffs' claim for malicious prosecution against them be granted.

  6. *Kline Defendants' Motion to Dismiss Plaintiffs' Amended Complaint based on the Younger Abstention Doctrine*

Federal courts have discretion to abstain from hearing cases when failure to do so would interfere with an ongoing state proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). In *Rockledge v. Develop. Co. v. Wright Tp.*, 2010 WL 186813, *3 (M.D. Pa.), the Court stated:

> In *Younger v. Harris*, the Supreme Court held that a federal court should abstain from enjoining or interfering with an ongoing criminal prosecution. *Younger v. Harris*, 401 U.S. 37 (1971). The doctrine has subsequently been expanded to cover quasi-criminal and some civil proceedings as well. *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 69 (1st Cir. 2005). *Younger* abstention is appropriate when "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional

challenges." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3d Cir. 2004) (quotation omitted). *Younger abstention* is mandatory if these conditions are met. *Rio Grande*, 397 F.3d at 68.

Here, we agree with Kline Defendants that Plaintiffs' Amended Complaint satisfies the three prongs of *Younger* and accordingly should be dismissed. Kline Defendants point out that "Plaintiffs appear to allege that Moving Defendants (Kline) participated in a conspiracy for not shutting off the water connection to Plaintiffs' property and/or generating a correct bill and knowingly and falsely filing a lien on the property." (Doc. 92, p. 12). *Younger's* first prong is satisfied because Kline Township Municipal Authority, in Schuylkill County Court of Common Pleas, initiated a proceeding against Plaintiffs over the water bill issue in May 2009. (Doc. 121). Kline Defendants state that this state court case is ongoing. (Doc. 92, p. 12). Therefore Plaintiffs have an opportunity to challenge their water bill in state court. *Younger's* second prong is satisfied because we agree with Kline Defendants that "this action implicates important state interests [as] it involves water and sewer charges owed to the Commonwealth." (Doc. 92, pp. 12-13). Lastly, *Younger's* third prong is satisfied because we find that the proceeding in the Schuylkill County Court of Common Pleas adequately affords Plaintiffs with the opportunity to raise their present claims.

Thus, since *Younger's* three prongs are satisfied, we agree with Kline Defendants that this Court should abstain from exercising jurisdiction over Plaintiffs' claims against them.

7. *Plaintiffs' state law claims invoking supplemental jurisdiction should be dismissed*.

We will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Kline Defendants. The Court in *Boneburger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir. 1997) stated:

> "where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (*quoting Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995)).

Here, we do not find that Plaintiffs have stated any cognizable federal claims against Kline Defendants. Thus, we will recommend that the Court decline to exercise supplemental jurisdiction over any state law claims which Plaintiffs assert against Kline Defendants.

## VI. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiffs' Amended Complaint of Kline Defendants **(Doc. 68)** be granted in its entirety, and that all of these Defendants be dismissed from this case with prejudice.[10]

         s/ Thomas M. Blewitt
         **THOMAS M. BLEWITT**
         **United States Magistrate Judge**

**Dated: August 4, 2010**

---

[10] Pursuant to our above discussion and pursuant to our prior R&R's issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against Kline Defendants, and we shall not recommend Plaintiffs be granted leave to once again amend their pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

As the Court stated in *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.):

> *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston,* 363 F.3d at 235; *see, e.g., Gurreri v. Adams County Prison,* Civil No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D.Pa. Jan.17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADHU AGARWAL and | : | |
| DR. ANIL AGARWAL, | : | CIVIL ACTION NO. **3:CV-09-1921** |
| | : | |
| Plaintiffs | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCHUYLKILL COUNTY TAX CLAIM | : | |
| BUREAU, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 4, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                     s/ Thomas M. Blewitt
                                                     **THOMAS M. BLEWITT**
                                                     **United States Magistrate Judge**


**Dated: August 4, 2010**