IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADHU AGARWAL and | : | |
| DR. ANIL AGARWAL, | : | CIVIL ACTION NO. **3:CV-09-1921** |
| | : | |
| Plaintiffs | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCHUYLKILL COUNTY TAX CLAIM | : | |
| BUREAU, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Since we have detailed the complete procedural and factual background of this case in our recent June 22, 2010, July 27, 2010, and July 28, 2010, Reports and Recommendations (Docs. 122, 125 and 126), we do not fully repeat it herein.[1] The present Report and Recommendation ("R&R") pertains to the January 6, 2010, Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint of Defendants #19 and #20. **(Doc. 70).** Defendants #19 and #20 ("Hazel Twp. Defendants") are identified in the Amended Complaint of Plaintiffs Madhu Agarwal and Anil Agarwal as follows:

  19.    Hazel Township

  20.    Hazel Township Supervisors.

---

[1]On July 14, 2010, the District Court adopted our Doc. 122 R&R. (Doc. 123). Subsequently, on July 20, 2010, Plaintiffs filed a Notice of Appeal with the Third Circuit regarding the District Court's Order. (Doc. 124).

(Doc. 53, p. 1).

Hazel Twp. Defendants also attached the Affidavit of William Gallagher to their Motion to Dismiss. (Doc. 70, Ex. A).

On January 20, 2010, Hazel Twp. Defendants their support Brief with respect to their Rule 12(b)(6) Motion to Dismiss. (Doc. 93). Plaintiffs filed their opposition Brief on February 3, 2010. (Doc. 103).[2]

As Plaintiffs recognize (Doc. 53, p. 1), jurisdiction of this action is based on federal question, 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1343(a). This Court can exercise jurisdiction over any state law claims of Plaintiffs under 28 U.S.C. § 1367.

## II. Allegations of Amended Complaint (Doc. 53).

Plaintiffs assert six (6) causes of actions in their Amended Complaint which they refer to as "Part One" through "Part Six." Plaintiffs claims against Hazel Twp. Defendants are found primarily in Part Four of the Amended Complaint. We limit our discussion in this R&R to the allegations against Hazel Twp. Defendants.

Plaintiffs allege that Hazel Twp. Defendants violated their constitutional rights when they failed to provide water services to Plaintiffs' property. (Doc. 53). More specifically, Plaintiffs allege that Hazel Twp. Defendants maliciously refused to turn off water on their Schuylkill County, Pennsylvania, property, Parcel No. 15-11-51, for the purpose of generating a bill and filing a

---

[2]The undersigned has been assigned this case for all pre-trial matters.

subsequent lien on their property. Furthermore, Plaintiffs aver that Hazel Twp. Defendants violated their civil rights by holding them responsible for a prior tenant's unpaid water bill. Plaintiffs also allege that Hazel Twp. Defendants engaged in racketeering to steal money from them. Lastly, Plaintiffs allege that Hazel Twp. Defendants conspired with others to cause them harm. Plaintiffs seek punitive and exemplary damages in the amount of $100,001. (Doc. 53, ¶ 99.).[3]

### III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Furthermore, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D.

---

[3]In their Amended Complaint, Plaintiffs do not state if they sue all Defendants in their official and/or personal capacities. We note that insofar as Plaintiffs seek monetary damages against all Defendants, Plaintiffs can only sue Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, any claims for monetary damages against Defendants in their official capacities should be dismissed.

[4]Plaintiffs allege in their amended pleading that Defendants are state officials or state agents.

3

Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**IV. Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

The Circuit Court discussed the effects of *Twombly* and *Iqbal* in *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009). In *Fowler*, the Court stated:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown]'- 'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Court can consider the exhibits submitted by the parties. The Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

*See also Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).[5]

---

[5]*See also Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.).

Thus, we will consider Hazle Twp. Defendants' Exhibit A attached to their present motion which shows that they were not involved with supplying water services to Plaintiffs' property. (Exhibit A, Doc. 70). Exhibit A is the Affidavit of William Gallagher, Chairman of the

## V. DISCUSSION.

1.  *Hazel Twp. Defendants' Motion to Dismiss due to Plaintiffs' Failure to State A Viable Constitutional Claim*

Plaintiffs allege that Hazel Twp. Defendants violated their due process rights under the U.S. Constitution pursuant to § 1983 when these Defendants failed to provide water services to them. More specifically, Plaintiffs contend that Hazel Twp. Defendants violated their due process rights when it refused to turn on the water to their Schuylkill County property after they billed Plaintiffs for services which Plaintiffs asked be terminated. As Hazel Twp. Defendants point out (Doc. 93, p. 5), under *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d. Cir. 1988), Plaintiffs have no constitutional right to use and enjoy a municipality's water services. *See Ransom,* 848 F.2d at 412 (holding that the city's denial of water services to plaintiffs' properties burdened by unpaid bills did not violate plaintiffs due process rights under the Constitution). Thus, even accepting Plaintiffs' factual allegations are true, they fail to state a cognizable § 1983 claim against Hazel Twp.

---

Board of Supervisors of Hazle Township. In his Affidavit, Gallagher avers:

> Hazle Township and its Board of Supervisors were not responsible for the supply of water to the Agarwals' property during the time described in the Agarwals' Complaint. Hazle Township and its Board of Supervisors had no involvement whatsoever with the supply of water to the Agarwals' property during the time described in the Agarwals' Complaint.

(Exhibit A, Doc. 70, ¶'s 3.-4.).

Defendants because Plaintiffs' allegation fail to implicate any of their constitutional rights.

Also, as Hazel Twp. Defendants argue (*Id*.), they had no personal involvement with the supply of water to Plaintiffs' Schuylkill County property. In his Affidavit, Gallagher, the Chairman of the Board of Supervisors of Hazel Twp. during the relevant time, avers that "Hazel [Twp.] and its Board of Supervisors were not responsible for the supply of water to the [Plaintiffs'] property ... ." (Doc. 70, Ex. A, ¶ 3.). Gallagher also avers, during the relevant time, that "Hazel [Twp.] and its Board of Supervisors had no involvement whatsoever with the supply of water to the [Plaintiffs'] property ... ." (Doc. 70, Ex. A, ¶ 4.). As stated above, in a § 1983 action, Plaintiffs must state the personal involvement with each and every Defendants with respect to the alleged violation of their constitutional rights. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003); *Mackey v. Strada*, 2008 WL 4210468, * 5. We agree with Hazel Twp. Defendants that Plaintiffs fail to properly state their personal involvement in this case. Recently, the Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal*, stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill*, 372 F .3d at 236. Accordingly, these claims were properly dismissed."

8

We agree with Hazel Twp. Defendants and find that Plaintiffs' Amended Complaint lacks sufficient allegations of liability under § 1983 as against them since it fails to state the personal involvement of these Defendants with respect to a violation of any constitutional right.

Accordingly, we will recommend that Hazel Twp. Defendants' Motion to Dismiss be granted with respect to Plaintiffs' §1983 claims against them.

2.    *Dismissal of Plaintiffs' Claims Sounding in Tort against Hazel Twp. Defendants' Pursuant to the Pennsylvania Political Subdivision Tort Claims Act*

Hazel Twp. Defendants (Doc. 93, pp. 5-7) argue that Plaintiffs' claims sounding in tort against them should be dismissed since they are immune from these claims pursuant to the Pennsylvania Political Subdivision Torts Claims Act ("the Act). *See* 42 Pa. Const. Stat. § 8541, *et seq*. The Act immunizes local agencies[6] against claims for damages. This rule is subject to eight exceptions. The Court in *DeBellis v. Kulp*, 166 F.Supp.2d 255, 278 (E.D. Pa 2001) explained: "Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees that constitute 'a crime, actual fraud, malice, or willful misconduct, or for negligent acts' unless they fall within one of eight categories." *See DeBellis*, 166 F. Supp. 2d at 278. These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b). Here, we agree with Hazel Twp. Defendants (*Id*., p. 6) that they are local agencies under the Act. We also agree with Hazel Twp. Defendants (*Id*., pp. 6-7) that Plaintiffs' claims against them do not fall within any exception to the

_____

[6] 42 Pa. Cons. Stat. § 8542(a) "Local agency" means "a government unit other than the Commonwealth government." 42 Pa. Cons. Stat. § 8501.

Act which immunizes local agencies against claims for damages.

As we discussed in our previous R&R's, the only arguable exception to the Act which could apply to this case is the dangerous condition of utility service facility exception. Under the Act, a utility service facility may be held liable if:

> A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42. Pa. C.S.A. § 8542 (b)(5).

We agree with Hazel Twp. Defendants that Plaintiffs' Amended Complaint does not aver that a dangerous condition existed to water services provided to their Schuylkill County property. Even if Plaintiffs did assert such an allegation, Hazel Twp. Defendants have shown that they were not involved with the supply of water to Plaintiffs' property. Therefore, we find that Hazel Twp. Defendants are entitled to the Act's immunity regarding Plaintiffs' state law tort claims.

Accordingly, we will recommend that Hazel Twp. Defendants Motion to Dismiss Plaintiffs' state law tort claims against them be granted.

3. *Hazel Twp. Defendants' Motion to Dismiss Plaintiffs' Conspiracy Claim due to Plaintiffs' Failure to State Specific Factual Allegations*

As mentioned, Plaintiffs allege that Hazel Twp. Defendants conspired with others with respect to their refusal to provide water services to Plaintiffs' property. Plaintiffs allege that Hazel Twp. Defendants conspired in their refusal to shut off water service to their (Plaintiffs') property

for the purpose of generating a bill and filing a lien against their property.

In order to set forth a § 1983 cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990). *See also, Colburn v. Upper Darby Twp.,* 838 F.2d 663 (3d Cir.1988).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.,* 972 F.2d at 1377; *Durre,* 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See id.; Rose,* 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir.1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405 n. 16.

In the present case, Plaintiffs fail to allege any facts showing a meeting of the minds between Hazel Twp. Defendants and others. Additionally, Plaintiffs fail to allege that Hazel Twp. Defendants acted with an intention to deprive Plaintiffs of a protected federal right. Thus,

we will recommend that Plaintiffs' § 1983 civil conspiracy claim against Hazel Twp. Defendants be dismissed.

Moreover, in so far as Plaintiffs' allegations may be construed as alleging a civil conspiracy under Pennsylvania law, we agree with Hazel Twp. Defendants (Doc. 93, pp. 7-8) that such a state law claim should be dismissed.  In *Grose v. Procter & Gamble Paper Products*, 866 A.2d 437, 440-41 (Pa. Super. 2005), the Court stated:

> In order for a claim of civil conspiracy to proceed, a plaintiff must "allege the existence of all elements necessary to such a cause of action."  *Rutherfoord v. Presbyterian-University Hospital*, 417 Pa. Super. 316, 612 A.2d 500, 508 (1992) (citation omitted).
>
> The Pennsylvania Supreme Court set forth the elements of civil conspiracy in *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979): "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means."  Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification.  Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design...and actual legal damage results."  *Id.*
>
> In addition, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Id.*

In Pennsylvania, a plaintiff must satisfy all elements to state a cause of action for civil conspiracy.  *See General Refractories v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).[7]  Furthermore, a viable civil conspiracy claim requires "a separate underlying tort as a predicate for liability."  *Id.* (upholding dismissal of plaintiffs' civil conspiracy claims under the

---

[7]The elements of a Pennsylvania civil conspiracy claim are: 1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose 2) an overt act done in pursuance of the common purpose and 3) actual legal damage."  *General Refractories*, 337 F.3d at 313.

FDCA when such claims would not be actionable if brought against a single defendant) . Thus, to have a cause of action for civil conspiracy liability a plaintiff must show actionable liability independent of the civil conspiracy claim. *Id.*

We agree with Hazel Twp. Defendants (*Id*.) and find under Pennsylvania law that Plaintiffs fail to allege that Hazel Twp. Defendants acted with any common purpose to do an unlawful act or to do an otherwise lawful act by unlawful means. We also find that Plaintiffs fail to allege that Hazel Twp. Defendants committed an overt act done in pursuance of any common purpose. Further, similar to *General Refractories*, our Plaintiffs fail to show that Hazel Twp. Defendants are subject to any actionable liability independent of their civil conspiracy claim. Therefore, insofar as Plaintiffs allegations may be construed as alleging a civil conspiracy claim against Hazel Twp. Defendants under Pennsylvania law, we will recommend that such claim also be dismissed.

4. *Hazel Twp. Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages*

As stated, Plaintiffs seek punitive damages against Hazel Twp. Defendants. Hazel Twp. Defendants argue that Plaintiffs' claim for punitive damages against them should be dismissed since they are immune from such damages. (Doc. 93, p. 8). We have repeatedly agreed in our prior R&R's with the municipal Defendants in the present case that Plaintiffs' claim for punitive damages against them should be dismissed since they are immune from such damages.

In *Monell v. Dep't. of Soc. Serv. Of NYC*, 436 U.S. 658 (1978) the Supreme Court held "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Although §1983 applies to municipalities and other local government units,

such entities are not subject to punitive damages under the statute's provisions. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that respondents were not entitled to punitive damages against the City of Newport under their §1983 claim when the city revoked respondents' license to promote music concerts). Like the defendants in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981), Hazel Twp. Defendants are local government entities. As such, they are immune from punitive damages. *Id.*

Accordingly, we will recommend that Hazel Twp. Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages should be granted.[8]

5. *Hazel Twp. Defendants' Motion to Dismiss Plaintiffs' malicious prosecution claim*

Plaintiffs allege that Hazel Twp. Defendants are liable for malicious prosecution. Hazel Twp. Defendants argue Plaintiffs fail to state a viable malicious prosecution claim against them. (Doc. 93, pp. 8-9). Defendants state that Plaintiffs do not allege that they instituted legal proceedings against Plaintiffs, that any such proceedings were commenced with malice, and that the proceedings terminated in Plaintiffs' favor. (*Id.*, p. 9).

---

[8]We further agree with Hazel Twp. Defendants that "Plaintiffs' Amended Complaint contains redundant, immaterial, and impertinent matter," violating Fed.R.Civ.P. 12(f). (Doc. 93, p. 9). We also agree with Hazel Twp. Defendants that Plaintiffs' Amended Complaint violates Rule 8.1 of the Rules of the United States District Court for the Middle District of Pennsylvania which holds "...any pleading demanding general damages unliquidated in an amount shall, without claiming any specific sum, set forth only that money damages are claimed." (Doc. 93, p. 10). Thus, Plaintiffs' prayer for relief in their Amended Complaint should be stricken.

While Plaintiffs do not specify whether their malicious prosecution claim is pursuant to § 1983 or Pennsylvania law, nonetheless we find, as we did with respect to the other Defendants in this action, that this claim should be dismissed as against Hazel Twp. Defendants. We will first address Plaintiffs' malicious prosecution claim under § 1983. We will then address Plaintiffs' malicious prosecution claim under 42 Pa. C.S.A. § 8351.

We find that Plaintiffs' malicious prosecution claim under § 1983 should be dismissed. In *Johnson v. Knorr*, 477 F.3d 75, 82 (3d. Cir. 2007), the Court held that a plaintiff must satisfy five elements to prevail on a malicious prosecution claim. These five elements are: 1) the defendant initiated a criminal proceeding, 2) the criminal proceeding ended in his (plaintiff's) favor, 3) the defendant initiated the proceeding without probable cause, 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and 5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Here, as Defendants contend, Plaintiffs fail to allege that Hazel Twp. Defendants initiated a criminal proceeding against them. Thus, Plaintiffs fail to properly allege a malicious prosecution claim under § 1983 against Hazel Twp. Defendants.

Accordingly, we will recommend that Plaintiffs' § 1983 malicious prosecution claim against Hazel Twp. Defendants be dismissed.

We also find that Plaintiffs' state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 should be dismissed. The Court in *Ludmer v. Nemberg*, 553 A.2d 924, 926 (Pa. 1989), explained that a plaintiff must satisfy two elements to prevail on a malicious prosecution claim under 42 Pa. C.S.A. § 8351. First, the defendant must have initiated a lawsuit without probable

cause or in a grossly negligent manner. Second, the plaintiff must have attained a favorable outcome in that lawsuit. *Ludmer*, 553 A.2d at 926. Here, as Defendants contend, Plaintiffs fail to allege that Hazel Twp. Defendants initiated a legal proceeding against them. Thus, Plaintiffs fail to properly allege a state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 against Hazel Twp. Defendants. Again, we agree with Hazel Twp. Defendants that Plaintiffs' state law malicious prosecution claim against them should be dismissed.

Moreover, as Hazel Twp. Defendants point out (Doc. 93, p. 9), Plaintiffs' malicious prosecution claim against them should be dismissed pursuant to the Pennsylvania Political Subdivision Tort Claims Act. *See* 42 Pa. Const. Stat. § 8541, *et seq*. As discussed, the Act immunizes local agencies[9] against claims for damages. This rule is subject to eight exceptions. The Court in *DeBellis v. Kulp*, 166 F.Supp.2d 255, 278 (E.D. Pa 2001) explained: "Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees that constitute 'a crime, actual fraud, malice, or willful misconduct, or for negligent acts' unless they fall within one of eight categories." *See DeBellis*, 166 F. Supp. 2d at 278. These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b). Here, Hazel Twp. Defendants are local agencies under the Act. Plaintiffs' claim for malicious prosecution does not fall within any exception to the Act rule which immunizes local agencies against claims

---

[9] Hazel Twp. Defendants are local agencies under the Act. See 42 Pa. Cons. Stat. § 8542(a).

for damages.  Therefore, we find that Hazel Twp. Defendants are entitled to the Act's immunity regarding Plaintiffs' malicious prosecution claim.

Accordingly, we will recommend that Hazel Twp. Defendants Motion to Dismiss Plaintiffs' claim for malicious prosecution against them be granted.

6.      *Hazel Twp.  Defendants' Motion to Dismiss Plaintiffs' Amended Complaint based on the Younger Abstention Doctrine*

Hazel Twp. Defendants argue that Plaintiffs' Amended Complaint against them should be dismissed based on the *Younger* abstention doctrine "because the municipal lien underlying Plaintiffs' claims [is] the subject of a state claim proceeding in Schuylkill County Court of Common Pleas, No. J-1801-2009, ... ."  (Doc. 93, p. 10).

Federal courts have discretion to abstain from hearing cases when failure to do so would interfere with an ongoing state proceeding.  *Younger v. Harris*, 401 U.S. 37 (1971).  In *Rockledge v. Develop. Co. v. Wright Tp.*, 2010 WL 186813, *3 (M.D. Pa.), the Court stated:

> In *Younger v. Harris*, the Supreme Court held that a federal court should abstain from enjoining or interfering with an ongoing criminal prosecution.  *Younger v. Harris*, 401 U.S. 37 (1971).  The doctrine has subsequently been expanded to cover quasi-criminal and some civil proceedings as well.  *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 69 (1st Cir. 2005).  *Younger* abstention is appropriate when "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges."  *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3d Cir. 2004) (quotation omitted).  *Younger abstention* is mandatory if these conditions are met.  *Rio Grande*, 397 F.3d at 68.

We again agree with municipal Defendants, here Hazel Twp. Defendants, that Plaintiffs' Amended Complaint satisfies the three prongs of *Younger* and accordingly should be dismissed. As stated, Plaintiffs seemingly allege that Hazel Twp. Defendants participated in a conspiracy for not shutting off the water connection to Plaintiffs' Schuylkill County property, generating an improper bill, and knowingly and falsely filing a lien on their property. We agree with Hazel Twp. Defendants (*Id.*, p. 11) that *Younger's* first prong is satisfied because Kline Township Municipal Authority, in Schuylkill County Court of Common Pleas, initiated a proceeding against Plaintiffs over the instant water bill issue in May 2009. (Doc. 121). Hazel Twp. Defendants state that this state court case is pending. (Doc. 93, p. 1)1. Therefore, Plaintiffs have an opportunity to challenge their water bill in state court. *Younger's* second prong is satisfied because we agree with Hazel Twp. Defendants that "this action implicates important state interests because it involves water and sewer charges owed to the Commonwealth." (Doc. 93, p. 11). Lastly, *Younger's* third prong is satisfied because we find that the proceeding in the Schuylkill County Court of Common Pleas adequately affords Plaintiffs with the opportunity to raise their present claims and Plaintiffs could have raised their instant claims in the state court action.

Thus, since we find *Younger's* three prongs are satisfied, we agree with Hazel Twp. Defendants that this Court should abstain from exercising jurisdiction over Plaintiffs' claims against them.

7.    *Plaintiffs' state law claims invoking supplemental jurisdiction should be dismissed*

As in our prior R&R's, we will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Hazel Twp. Defendants.  The Court in *Boneburger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir. 1997) stated:

> "where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing  so.'" (*quoting  Borough of West Mifflin v.* Lancaster, 45 F.3d 780, 788 (3d Cir.  1995)).

Here, we do not find that Plaintiffs have stated any cognizable federal claims against Hazel Twp. Defendants.  Thus, we will recommend that the Court decline to exercise supplemental jurisdiction over any state law claims which Plaintiffs assert against Hazel Twp. Defendants.

## VI.  Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiffs' Amended Complaint of Hazel Twp. Defendants **(Doc. 70)** be granted in its entirety, and that these Defendants be dismissed from this case with prejudice.[10]


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 5,  2010**

---

[10]    Pursuant to our above discussion and pursuant to our prior R&R's issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against Kline Defendants, and we shall not recommend Plaintiffs be granted leave to once again amend their pleading with respect to these claims.  See *Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

As the Court stated in *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.):

> *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston,* 363 F.3d at 235; *see, e.g., Gurreri v. Adams County Prison,* Civil No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D.Pa. Jan.17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADHU AGARWAL and           :
DR. ANIL AGARWAL,           :          CIVIL ACTION NO. **3:CV-09-1921**
                            :
          Plaintiffs        :          (Judge Caputo)
                            :
          v.                :          (Magistrate Judge Blewitt)
                            :
SCHUYLKILL COUNTY TAX CLAIM :
BUREAU, et al.,             :
                            :
                            :
          Defendants        :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 5,  2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

21

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                    **s/ Thomas M. Blewitt**

                                                    **THOMAS M. BLEWITT**

                                                    **United States Magistrate Judge**


**Dated: August 5, 2010**