IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADHU AGARWAL and :
DR. ANIL AGARWAL, : CIVIL ACTION NO. **3:CV-09-1921**
:
      Plaintiffs : (Judge Caputo)
:
      v. : (Magistrate Judge Blewitt)
:
SCHUYLKILL COUNTY TAX CLAIM :
BUREAU, et al., :
:
:
      Defendants :

## REPORT AND RECOMMENDATION

**I. Background.**

Since we detailed this case's complete procedural and factual background in our recent June 22, 2010, July 27, 2010, July 28, 2010, August 3, 2010, August 4, 2010, and August 5, 2010 Reports and Recommendations (Docs. 122, 125, 126, 128, 129 and 130), we do not fully repeat it herein.[1] This Report and Recommendation ("R&R") pertains to Defendant #9 Hazleton Area School District (HASD) and its Rule 12(b)(6) Motion to Dismiss. **(Doc. 74).**

Specifically, on January 6, 2010, Defendant HASD filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 74). Defendant HASD simultaneously filed its support Brief. (Doc. 75). Plaintiffs filed their opposition Brief on February 19, 2010. (Doc. 108).[2]

---

[1]On July 14, 2010, the District Court adopted our Doc. 122 R&R. (Doc. 123). Subsequently, on July 20, 2010, Plaintiffs filed a Notice of Appeal with the Third Circuit regarding the District Court's Order. (Doc. 124).

[2]The undersigned has been assigned this case for all pre-trial matters.

As Plaintiffs recognize (Doc. 53, p. 1), jurisdiction of this action is based on the federal question rule under 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1343(a). Furthermore, this Court can exercise jurisdiction over any of Plaintiffs' state law claims under 28 U.S.C. § 1367.

## II. Allegations of Amended Complaint (Doc. 53).

Plaintiffs assert six (6) causes of action in their Amended Complaint which they refer to as "Part One" through "Part Six." Because only Part Five of Plaintiffs' claims pertains to Defendant HASD, we limit our discussion in this R&R accordingly.

On March 3, 2009, Defendant HASD passed a Resolution to sell its unpaid tax claims against Plaintiffs to Defendant Public Asset Management Inc. ("PAM"). The sales contract was executed on June 19, 2009. Defendant PAM assigned collection responsibility to the Defendant Pennsylvania Tax Collections ("PTC") for the amount due, $1,505.83. On September 17, 2009, Defendant PTC sent Plaintiffs a Notice indicating its intent to collect the tax debt after 30 days. Plaintiffs responded to this Notice with a letter dated September 22, 2009. In this letter, Plaintiffs stated their belief that Defendant PTC's tax claims were unfounded.

Plaintiffs assert three claims against Defendant HASD. First, Plaintiffs allege that Defendant HASD violated their due process rights under the U.S. Constitution when it passed the March 3, 2009 Resolution without first giving notice to them. Second, Plaintiffs aver that Defendant HASD violated their due process rights when it executed the sales contract with Defendant PAM on June 19, 2009, without first giving notice to them. Lastly, Plaintiffs allege Defendant that HASD conspired with other defendants in an attempt to deceive them into paying a tax debt which they

believed to be unfounded. Plaintiffs seek declaratory judgment as well as compensatory and punitive damages against Defendant HASD.

## III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt,*

---

[3]Plaintiffs allege in their amended pleading that Defendants are state officials or state agents.

*supra.* It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## IV. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he
> should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v.
> Rhodes,* 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule
> 12(b)(6) if it does not allege "enough facts to state a claim to relief that is
> plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127
> S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard
> set forth in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See*

4

also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has

5

to "show" such an entitlement with its facts. *See Philips [v. Co. of Alleghany]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown]'- 'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

The Court can consider the exhibits submitted by the parties. The Court in *White v. Probation Office,* 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

"[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

*See also Kuniskas v. Walsh,* 2010 WL 1390870, *3 (M.D. Pa.).[4]

---

[4]*See also Reisinger v. Luzerne County,* 2010 WL 1976821, *7.

## V. DISCUSSION.

*1. No Claim against Defendant HASD Pursuant to Monell*

In *Monell* v. *New York Dept. of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court held "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Under *Monell*, school boards are considered local government units. *See Monell*, 436 U.S. at 696-97. Although the Court held that § 1983 applies to municipalities and other local government units, it did so with qualifications. Under *Monell*, a person may directly sue a local governing body pursuant to § 1983 only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under." *Id.* As such, under § 1983, a person may not sue a local government based solely on an employee's independent actions. Instead, for a plaintiff to have a cause of action, a local government must hold a policy or custom which conflicts with § 1983.

To the extent that Plaintiffs have named HASD as a Defendant pursuant to *Monell*, they fail to state a claim against it. *See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).[5]

---

[5]As the Court in *Kokinda*, stated:

> A municipality cannot be held liable for the actions of its
> employees under § 1983 based upon *respondeat superior*.
> *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct.
> 2018, 56 L.Ed.2d 611 (1978). However, "the government as an
> entity is responsible under § 1983" when it "caused" the Plaintiff's
> injury; that is, "when execution of a government's policy or custom,
> whether made by its lawmakers or by those whose edicts or acts
> may fairly be said to represent official policy, inflicts the injury."
> *Id.* at 694, 98 S.Ct. 2018. Where, as here, Plaintiff alleges that

Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.). *See Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.). As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [HASD's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690, 98 S. Ct. 2018.

*Id.*

We find that Plaintiffs have not stated a municipal liability claim under *Monell* against Defendant HASD with respect to any of their stated constitutional claims. Defendant HASD cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*.

---

> the flawed policy is a failure to train, the municipality can be held liable when "'that failure amounts to "deliberate indifference . . . [to the constitutional rights of persons with whom the police come in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate 'constitutional" injury." *Id.* at 325 (citations omitted).
>
> To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

*Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, \*9. Rather, "[HASD] subject to liability to the extent [it] maintain[] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted). No such custom or policy is alleged by Plaintiffs with respect to Defendant HASD.

Here, Plaintiffs filed suit against Defendant HASD under § 1983. Defendant HASD is a local government unit pursuant to *Monell*. As such, Plaintiffs must allege that Defendant HASD had a policy or custom of failing to notify debtors of its Resolutions and subsequent contracts to sell tax liens. Plaintiffs must also allege that such a failure to notify violated their due process rights under the Fourteenth Amendment. Even if Plaintiffs have sufficiently alleged that Defendant HASD's failure to notify them violated their due process rights under the Fourteenth Amendment, Plaintiffs do not allege that HASD had such a custom or policy. No where in the Amended Complaint do Plaintiffs make such allegations. Thus, we will recommend that Defendant HASD's 12(b)(6) Motion be granted because Plaintiffs failed to adequately state a claim against it under *Monell*.

*2. Defendant HASD's Motion to Dismiss Plaintiffs' Claim of Civil Conspiracy*

We agree with Defendant HASD and find that Plaintiffs failed to properly claim that HASD was part of a civil conspiracy against them. In *Marchese v. Umstead*, 110 F. Supp.2d 361, 371 (E.D. Pa. 2000), the Court held, "central to any conspiracy claim is specific factual allegations that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." We agree with Defendant HASD that Plaintiffs failed to make any specific factual allegations against it with respect to their conspiracy claim. Instead, Plaintiffs merely make legal conclusions without any relative supporting factual allegations against Defendant HASD.

9

In order to set forth a § 1983 cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir.1992); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir.1990). *See also, Colburn v. Upper Darby Twp.*, 838 F.2d 663 (3d Cir.1988).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.*, 972 F.2d at 1377. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See id.; Rose*, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir.1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation.

In the present case, Plaintiffs fail to allege any facts showing a meeting of the minds between Defendant HASD and others. Additionally, Plaintiffs fail to allege that Defendant HASD acted with an intention to deprive Plaintiffs of a protected federal right. Thus, we will recommend that Plaintiffs' § 1983 civil conspiracy claim against Defendant HASD be dismissed.

Moreover, in so far as Plaintiffs' allegations may be construed as alleging a civil conspiracy under Pennsylvania law, we find that such a state law claim should also be dismissed. In *Grose v.*

10

*Procter & Gamble Paper Products*, 866 A.2d 437, 440-41 (Pa. Super. 2005), the Court stated:

> In order for a claim of civil conspiracy to proceed, a plaintiff must "allege the existence of all elements necessary to such a cause of action." *Rutherfoord v. Presbyterian-University Hospital*, 417 Pa. Super. 316, 612 A.2d 500, 508 (1992) (citation omitted).
>
> The Pennsylvania Supreme Court set forth the elements of civil conspiracy in *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979): "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification. Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design...and actual legal damage results." *Id.*
>
> In addition, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Id.*

In Pennsylvania, a plaintiff must satisfy all elements to state a cause of action for civil conspiracy. *See General Refractories v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).[6] Furthermore, a viable civil conspiracy claim requires "a separate underlying tort as a predicate for liability." *Id.* (upholding dismissal of plaintiffs' civil conspiracy claims under the FDCA when such claims would not be actionable if brought against a single defendant). Thus, to have a cause of action for civil conspiracy liability a plaintiff must show actionable liability independent of the civil conspiracy claim. *Id.*

_____We agree with Defendant HASD and find that Plaintiffs fail to allege that HASD acted with any common purpose to do an unlawful act or to do an otherwise lawful act by unlawful means. We also find that Plaintiffs fail to allege that Defendant HASD committed an overt act done in

---

[6]The elements of a Pennsylvania civil conspiracy claim are: 1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose 2) an overt act done in pursuance of the common purpose and 3) actual legal damage." *General Refractories*, 337 F.3d at 313.

11

pursuance of any common purpose. Further, similar to *General Refractories*, our Plaintiffs fail to show that Defendant HASD is subject to any actionable liability independent of their civil conspiracy claim. Therefore, insofar as Plaintiffs allegations may be construed as alleging a civil conspiracy claim against Defendant HASD under Pennsylvania law, we will recommend that such claim also be dismissed.

*3. HASD's Motion to Dismiss Plaintiffs' Claims For Punitive and Exemplary Damages*

Based on our discussion above, we agree with Defendant HASD (Doc. 75, pp. 6-7) that Plaintiffs' claim for punitive damages against it should be dismissed. As Defendant points out (*Id.,* p. 6), "[i]n Pennsylvania, punitive damages are appropriate only where the defendant's conduct was of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. *SHV Coal v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702, 704 (1991)." Here, we find that Plaintiffs failed to allege any facts demonstrating intentional, willful, wanton, or reckless conduct on the part of Defendant HASD. As such, we conclude that Plaintiffs' claims for punitive and exemplary damages should be dismissed. Furthermore, in Pennsylvania, punitive damages are not a available to Plaintiffs suing a school district. *See Titus v. Moon Area School District,* 2006 WL 752961 W.D. Pa. 2006.

Accordingly, we will recommend that Plaintiffs' claim for punitive damages against Defendant HASD be dismissed.

## VI. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiffs' Amended Complaint of Defendant #9, Hazleton Area School District, **(Doc. 74)** be granted in its entirety, and that this Defendant be dismissed from this case with prejudice.[7]

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August 13, 2010

---

[7]   Pursuant to our above discussion and pursuant to our prior R&R's issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against Defendant HASD, and we shall not recommend Plaintiffs be granted leave to once again amend their pleading with respect to these claims. See Forman v. Davis, 371 U.S. 178, 182 (1982); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); Alston v. Parker, 363 F. 3d 229, 235 (3d Cir. 2004); Conway v. King Pharmaceuticals, Inc., 2008 WL 4128088, *2 (M.D. Pa.).