IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADHU AGARWAL and | : | |
| DR. ANIL AGARWAL, | : | CIVIL ACTION NO. **3:CV-09-1921** |
| Plaintiffs | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| SCHUYLKILL COUNTY TAX CLAIM BUREAU, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Since we detailed this case's complete procedural and factual background in our recent June 22, 2010, July 27, 2010, July 28, 2010, August 3, 2010, August 4, 2010, and August 5, 2010 Reports and Recommendations (Docs. 122, 125, 126, 128, 129 and 130), we do not fully repeat it herein.[1] This Report and Recommendation ("R&R") pertains to Defendants, Francis Patton and Kline Township Municipal Authority (hereinafter "KTMA Defendants"), and their Rule 12(b)(6) Motion to Dismiss. (**Doc. 79**).

On January 7, 2010, KTMA Defendants filed a Rule 12(b)(6) Motion to Dismiss. **(Doc. 79).** KTMA Defendants filed their support Brief on January 20, 2010. (Doc. 94). Plaintiffs filed their opposition Brief on February 19, 2010. (Doc. 109).

---

[1]On July 14, 2010, the District Court adopted our Doc. 122 R&R. (Doc. 123). Subsequently, on July 20, 2010, Plaintiffs filed a Notice of Appeal with the Third Circuit regarding the District Court's Order. (Doc. 124).

As Plaintiffs recognize (Doc. 53, p. 1), jurisdiction of this action is based on the federal question rule under 28 U.S.C. § 1331. This Court also has jurisdiction with respect to Plaintiffs' § 1983 claims pursuant to 28 U.S.C. § 1343(a). Furthermore, this Court can exercise jurisdiction over any of Plaintiffs' state law claims under 28 U.S.C. §1367.

**II. Allegations of Amended Complaint (Doc. 53).**

Plaintiffs assert six (6) causes of action in their Amended Complaint which they refer to as "Part One" through "Part Six." Plaintiffs claims against KTMA Defendants are found primarily in Part Three of the Amended Complaint. We limit our discussion in this R&R to the allegations against KTMA Defendants. (Doc. 53, ¶'s 61.-69.).

Plaintiffs allege that KTMA Defendants maliciously refused to turn off water to their property identified as Parcel No. 15-11-51, located in Kline Township, Schuylkill County, Pennsylvania. Plaintiffs allege that KTMA Defendants' failure to shut off the water to their property resulted in property damage. Plaintiffs assert that the failure to shut off the water and KTMA Defendants' subsequent refusal to turn water back on violated their due process rights under the U.S. Constitution. As KTMA Defendants specifically point out, "Paragraph 61 [of Plaintiffs' Amended Complaint] claims a constitutional violation that pertains to shutting off the water supply to a property and billing the amount of water used and/or wasted to the person requesting the shut off." (Doc. 94, p. 1). KTMA Defendants further state:

> At some time prior to December 8 or 9 of an undefined year, the Plaintiff sent Ms. Kirsten Martinez to Kline Township Municipal Authority to request the shut off of water for the property known as 10-12 East Market Street, Kelayres, PA 18231. A few days later Dr. Agarwal went and shut off the water in the basement of 12 East Market Street (¶ 66), but KTMA failed to turn off the water for the

2

> property as requested (¶ 67). Sometime later, Jennifer Hite and/or
> Donald Clark turned the water on resulting in pipe freezing and
> bursting in Units 10 and 10 Rear (¶ 68).

(*Id.*, pp. 1-2).

Plaintiffs aver that they were billed for water services despite the fact that they requested the services be stopped. Plaintiffs allege that due to the negligent failure of Defendants to honor their request to shut off water from the curb side box to their property, and due to their former tenants in the property turning the water valve on before the meter in the basement, the pipes in their property broke and caused damage.

Plaintiffs further contend that KTMA Defendants conspired with others in their refusal to shut off water to their property. According to Plaintiffs, KTMA Defendants conspired in their refusal to shut off water to their property and in the refusal to correct their actions for the purpose of generating a bill and filing a subsequent lien on their property. Plaintiffs seek compensatory as well as punitive and exemplary damages against KTMA Defendants.

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Furthermore, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga*

*Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).² *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

---

²Plaintiffs allege in their amended pleading that Defendants are state officials or state agents.

4

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**IV. Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v.*

*Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

In *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11(3d Cir.2009), the Circuit Court discussed the effects of *Twombly* and *Iqbal* and stated:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Alleghany],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown]'- 'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Court can consider the exhibits submitted by the parties. The Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

*See also Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

**V. DISCUSSION.**

*1. Failure of Plaintiffs to State Personal Involvement of Defendant Patton*

KTMA Defendants state that "[o]ther than naming Francis Patton as a Defendant, there are no factual allegations whatsoever as to anything this person may or may not have done, despite the Complaint having been amended one time." (Doc. 94, p. 2). We agree with KTMA Defendants that Plaintiff fails to state the personal involvement of Defendant Patton. Recently, the Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Third Circuit Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224,

> 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

We find that Plaintiff's Amended Complaint lacks sufficient factual allegations as to Defendant Patton and that it fails to state what this Defendant personally did to violate Plaintiff's constitutional rights. Therefore, we will recommend that Defendant Patton be dismissed entirely from this case.

*2. Failure of Plaintiffs to Allege Any Facts Establishing a Valid Civil Rights Claim*

Plaintiffs allege that KTMA Defendants violated their due process rights under the U.S. Constitution pursuant to § 1983 when KTMA Defendants failed to shut off the water service to their property. More specifically, as KTMA Defendants state, "[t]he crux of Plaintiffs' allegations appear to be that [KTMA] Defendants held Plaintiffs responsible for previous unpaid water bills, refused to shut water off and neglected to change the bill into the name of the current tenant upon request." (Doc. 94, p. 6). Plaintiffs also allege that their due process rights were violated when KTMA Defendants refused to turn the water on after billing them for services following their initial request to turn water off. We agree with KTMA Defendants that "the water service [is] not [a] protected right." (*Id*.).

As KTMA Defendants point out (Doc. 94, p. 6), under *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d. Cir. 1988), Plaintiffs have no constitutional right to use and enjoy a municipality's water services. *See Ransom,* 848 F.2d at 412 (holding that the city's denial of water services to plaintiffs'

8

properties burdened by unpaid bills did not violate plaintiffs due process rights under the Constitution). Thus, even accepting Plaintiffs' factual allegations are true, they fail to state a cognizable § 1983 claim against KTMA Defendants because Plaintiffs' allegation fail to implicate any of their constitutional rights.

Accordingly, we will recommend that KTMA Defendants' Motion to Dismiss should be granted with respect to Plaintiffs' constitutional claims under §1983.

 3. *Dismissal of Plaintiffs' Claims Sounding in Tort against KTMA Defendants' Pursuant to the Pennsylvania Political Subdivision Tort Claims Act*

KTMA Defendants (Doc. 94, pp. 7-9) argue that Plaintiffs' claims sounding in tort against them should be dismissed since they are immune from these claims pursuant to the Pennsylvania Political Subdivision Torts Claims Act ("the Act). *See* 42 Pa. Const. Stat. § 8541, *et seq*. The Act immunizes local agencies[3] against claims for damages. This rule is subject to eight exceptions. The Court in *DeBellis v. Kulp*, 166 F.Supp.2d 255, 278 (E.D. Pa. 2001) explained: "Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees that constitute 'a crime, actual fraud, malice, or willful misconduct, or for negligent acts' unless they fall within one of eight categories." *See DeBellis*, 166 F. Supp. 2d at 278. These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b). Here, we agree with KTMA Defendants (*Id.*, pp. 7-8) that they are local agencies under the Act. We also agree with KTMA Defendants (*Id.*) that

---

[3] 42 Pa. Cons. Stat. § 8542(a) "Local agency" means "a government unit other than the Commonwealth government." 42 Pa. Cons. Stat. § 8501.

Plaintiffs' claims against them do not fall within any exception to immunity under the Act which would make them subject to Plaintiffs' claims for damages.

As we discussed in our previous R&R's issued in this case, the only arguable exception to the Act which could apply to this case is the dangerous condition of utility service facility exception. Under the Act, a utility service facility may be held liable if:

> A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42. Pa. C.S.A. § 8542 (b)(5).

We agree with KTMA Defendants (Id.) that Plaintiffs' Amended Complaint does not aver that a dangerous condition existed to water services provided to their Schuylkill County property. Therefore, we find that KTMA Defendants are entitled to the Act's immunity regarding Plaintiffs' state law tort claims.

Additionally, we agree with KTMA Defendants (Doc. 94, p. 7) that in Pennsylvania a municipal authority has statutory right under the PA Municipal Claims and Tax Liens Act, 53 P.S. § 7107, to enter a lien against a property for unpaid utility bills. *See Municipal Auth. of Hazle Tp. v. Lagana*, 848 A. 2d 1089 (Pa. Cmwlth. 2004).

In *Township of West Manchester v. Mayo*, 746 A.2d 666, 668, n. 4 (Pa. Cmwlth. 2000), the Court noted:

> We note that Section 1 of the Municipal Claims and Tax Liens Act ("MCTLA") also states that a municipal claim includes the claim arising out

> of, or resulting from a service supplied. 53 P.S. § 7101. In addition, Section 4 of the Municipal Claims and Tax Liens Act states that "[t]he lien for ... **water rates**, lighting rates, or sewer rates, or rates for any other service **furnished by a municipality,**-shall exist in favor of, and the claim therefore may be filed against the property thereby benefitted by, the municipality extending the benefit...." 53 P.S. § 7107 (Emphasis added).[4]

Accordingly, we will recommend that KTMA Defendants' Motion to Dismiss Plaintiffs' state law tort claims against them be granted.

4. *KTMA Defendants' Motion to Dismiss Plaintiffs' Conspiracy Claim*

As mentioned, Plaintiffs allege that KTMA Defendants conspired with others with respect to their refusal to shut off water service to Plaintiffs' property and to change the bill to the name of their tenant. Plaintiffs seem to allege that KTMA Defendants conspired in their refusal to shut off water service to their (Plaintiffs') property for the purpose of generating a bill and filing a lien against their property. We agree with KTMA Defendants (Doc. 94, pp. 9-10) that Plaintiffs' Amended Complaint fails to state a viable conspiracy claim against them.

In order to set forth a § 1983 cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir.1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989). The Third Circuit has noted that a civil rights

---

[4] In *Maierhoffer v. GLS Capital, Inc.*, 730 A.2d 547 (Pa. Cmwlth.1999), the Court held that under the MCTLA municipal liens can be assigned. The MCTLA also provides statutory remedies to challenge municipal claims. See 53 P.S. §7106.

11

conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990). *See also, Colburn v. Upper Darby Twp.,* 838 F.2d 663 (3d Cir.1988).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.*, 972 F.2d at 1377; *Durre,* 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See id.; Rose,* 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir.1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405 n. 16.

In the present case, Plaintiffs fail to allege any facts showing a meeting of the minds between KTMA Defendants and others. Additionally, as KTMA Defendants argue (*Id.*, p. 10), Plaintiffs fail to allege that KTMA Defendants acted with an intention to deprive Plaintiffs of a protected federal right. Thus, we will recommend that Plaintiffs' § 1983 civil conspiracy claim against KTMA Defendants be dismissed.

Moreover, in so far as Plaintiffs' allegations may be construed as alleging a civil conspiracy under Pennsylvania law, we agree with KTMA Defendants (Doc. 94, p. 10) that such a state law claim should be dismissed. In *Grose v. Procter & Gamble Paper Products*, 866 A.2d

437, 440-41 (Pa. Super. 2005), the Court stated:

> In order for a claim of civil conspiracy to proceed, a plaintiff must "allege the existence of all elements necessary to such a cause of action." *Rutherfoord v. Presbyterian-University Hospital*, 417 Pa. Super. 316, 612 A.2d 500, 508 (1992) (citation omitted).
>
> The Pennsylvania Supreme Court set forth the elements of civil conspiracy in *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979): "It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification. Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design...and actual legal damage results." *Id*.
>
> In addition, "[a] single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Id*.

In Pennsylvania, a plaintiff must satisfy all elements to state a cause of action for civil conspiracy. *See General Refractories v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).[5] Furthermore, a viable civil conspiracy claim requires "a separate underlying tort as a predicate for liability." *Id*. (upholding dismissal of plaintiffs' civil conspiracy claims under the FDCA when such claims would not be actionable if brought against a single defendant) . Thus, to have a cause of action for civil conspiracy liability a plaintiff must show actionable liability independent of the civil conspiracy claim. *Id*.

We agree with KTMA Defendants (*Id*.) and find under Pennsylvania law that Plaintiffs fail to allege that KTMA Defendants acted with any common purpose to do an unlawful act or to do

---

[5]The elements of a Pennsylvania civil conspiracy claim are: 1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose 2) an overt act done in pursuance of the common purpose and 3) actual legal damage." *General Refractories*, 337 F.3d at 313.

13

an otherwise lawful act by unlawful means. We also find that Plaintiffs fail to allege that KTMA Defendants committed an overt act done in pursuance of any common purpose. Further, similar to *General Refractories*, our Plaintiffs fail to show that KTMA Defendants are subject to any actionable liability independent of their civil conspiracy claim. Therefore, insofar as Plaintiffs allegations may be construed as alleging a civil conspiracy claim against KTMA Defendants under Pennsylvania law, we will recommend that such claim also be dismissed.

*5. KTMA Defendants' Motion to Dismiss Plaintiffs' Claims for Punitive Damages*

As stated, Plaintiffs seek punitive damages against KTMA Defendants. KTMA Defendants argue that Plaintiffs' claim for punitive damages against them should be dismissed since they are immune from such damages. (Doc. 94, p. 10). We have repeatedly agreed in our prior R&R's with the municipal Defendants in the present case that Plaintiffs' claim for punitive damages against them should be dismissed since they are immune from such damages.

In *Monell v. Dep't. of Soc. Serv. of NYC*, 436 U.S. 658 (1978), the Supreme Court held "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Although §1983 applies to municipalities and other local government units, such entities are not subject to punitive damages under the statute's provisions. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that respondents were not entitled to punitive damages against the City of Newport under their §1983 claim when the city revoked respondents' license to promote music concerts). Like the defendants in *City of Newport v. Facts Concerts, Inc.,* KTMA Defendants are local government entities. As such, they are immune from punitive damages. *Id.*

14

Accordingly, we will recommend that KTMA Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages should be granted.

6. *KTMA Defendants' Motion to Dismiss Plaintiffs' malicious prosecution claim*

Plaintiffs allege that KTMA Defendants are liable for malicious prosecution. KTMA Defendants argue Plaintiffs fail to state a viable malicious prosecution claim against them. (Doc. 94, p. 12). Defendants state that Plaintiffs do not allege that they instituted legal proceedings against Plaintiffs, that any such proceedings were commenced with malice, and that the proceedings terminated in Plaintiffs' favor. (*Id*.). We agree with KTMA Defendants.

As we stated in our prior R&R's issued in this case, Plaintiffs do not specify whether their malicious prosecution claim is pursuant to § 1983 or Pennsylvania law. Regardless, we find, as we did with respect to the other Defendants in this action, that Plaintiffs' malicious prosecution claim should be dismissed as against KTMA Defendants. We will first address Plaintiffs' malicious prosecution claim under § 1983. We will then address Plaintiffs' malicious prosecution claim under 42 Pa. C.S.A. § 8351.

We again find that Plaintiffs' malicious prosecution claim under § 1983 should be dismissed. In *Johnson v. Knorr*, 477 F.3d 75, 82 (3d. Cir. 2007), the Court held that a plaintiff must satisfy five elements to prevail on a malicious prosecution claim. These five elements are: 1) the defendant initiated a criminal proceeding, 2) the criminal proceeding ended in his (plaintiff's) favor, 3) the defendant initiated the proceeding without probable cause, 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and 5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a

15

consequence of a legal proceeding. Here, as Defendants contend (*Id.*), Plaintiffs fail to allege that KTMA Defendants initiated a criminal proceeding against them. Thus, Plaintiffs fail to properly allege a malicious prosecution claim under § 1983 against KTMA Defendants. Accordingly, we will recommend that Plaintiffs' § 1983 malicious prosecution claim against KTMA Defendants be dismissed.

We also again find that Plaintiffs' state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 should be dismissed. As KTMA Defendants point out (*Id.*), the Court in *Ludmer v. Nemberg*, 553 A.2d 924, 926 (Pa. 1989), held that a plaintiff must satisfy two elements to prevail on a malicious prosecution claim under 42 Pa. C.S.A. § 8351. First, the defendant must have initiated a lawsuit without probable cause or in a grossly negligent manner. Second, the plaintiff must have attained a favorable outcome in that lawsuit. *Ludmer*, 553 A.2d at 926. Here, as KTMA Defendants contend, Plaintiffs fail to allege that they initiated a legal proceeding against Plaintiffs. Thus, Plaintiffs fail to properly allege a state law malicious prosecution claim under 42 Pa. C.S.A. § 8351 against KTMA Defendants. Again, we agree with KTMA Defendants that Plaintiffs' state law malicious prosecution claim against them should be dismissed.

Moreover, as KTMA Defendants point out (Doc. 94, p. 12), Plaintiffs' malicious prosecution claim against them should be dismissed pursuant to the Pennsylvania Political Subdivision Tort Claims Act. *See* 42 Pa. Const. Stat. § 8541, *et seq*. As discussed, the Act immunizes local agencies against claims for damages. This rule is subject to eight exceptions. The Court in *DeBellis v. Kulp*, 166 F. Supp.2d 255, 278 (E.D. Pa 2001) explained: "Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees

16

that constitute 'a crime, actual fraud, malice, or willful misconduct, or for negligent acts' unless they fall within one of eight categories." *See DeBellis*, 166 F. Supp. 2d at 278. These eight categories are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks and 8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b). Here, Defendant KTMA is a local agency under the Act. Plaintiffs' claim for malicious prosecution does not fall within any exception to the Act rule which immunizes local agencies against claims for damages. Therefore, we find that Defendant KTMA is entitled to the Act's immunity regarding Plaintiffs' malicious prosecution claim.

Accordingly, we will recommend that KTMA Defendants Motion to Dismiss Plaintiffs' claim for malicious prosecution against them be granted.[6]

*7. Plaintiffs' state law claims invoking supplemental jurisdiction should be dismissed*

As in our prior R&R's issued in this case, we will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against KTMA Defendants. The Court in *Boneburger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir. 1997) stated:

---

[6] Although not argued in KTMA Defendants' brief, we find, as we did in our prior R&R's addressing the other Defendants' Motions to Dismiss, Plaintiffs' Amended Complaint is also subject to dismissal as against KTMA Defendants pursuant to the *Younger* Abstention Doctrine. *Younger v. Harris,* 401 U.S. 37 (1971). *Younger* abstention is appropriate when "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295 (3$^d$ Cir. 2004). As discussed in our previous R&R's in this case, we find that Plaintiffs' claims against KTMA Defendants should be dismissed pursuant to *Younger* abstention.

17

> "where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (*quoting Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, we do not find that Plaintiffs have stated any cognizable federal claims against KTMA Defendants. Thus, we will recommend that the Court decline to exercise supplemental jurisdiction over any state law claims which Plaintiffs assert against KTMA Defendants.

## VI. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiffs' Amended Complaint of KTMA Defendants **(Doc. 79)** be granted in its entirety, and that these Defendants be dismissed from this case with prejudice.[7]

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: August 26, 2010**

---

[7] Pursuant to our above discussion and pursuant to our prior R&R's issued in this case, we find futility of any further amendment of Plaintiffs' stated federal claims against KTMA Defendants, and we shall not recommend Plaintiffs be granted leave to once again amend their pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

    We also note that if the District Court adopts all of our R&R's issued in this case and grants Defendants' Motions to Dismiss Plaintiffs' Amended Complaint, then we recommend that this case be closed.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADHU AGARWAL and | : | |
| DR. ANIL AGARWAL, | : | CIVIL ACTION NO. **3:CV-09-1921** |
| | : | |
| Plaintiffs | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCHUYLKILL COUNTY TAX CLAIM | : | |
| BUREAU, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 26, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 26, 2010**