# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADHU AGARWAL and DR. ANIL AGARWAL, | : : : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 3:09-cv-1921 : |
| SCHUYKILL COUNTY TAX CLAIM BUREAU, et al., | : : (JUDGE CAPUTO) : |
| | : (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | : |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of July 27 and 28 and August 3, 4, 5, 13, and 26, 2010 (Docs. 125, 126, 128, 129, 130, 133, and 136), and Plaintiffs' Objections to the Magistrate Judge's R&Rs (Docs. 131, 132,134, 135, 137, and 139 ). Magistrate Judge Blewitt recommended that all of the Defendants' Motions to Dismiss be granted with prejudice. The Court will adopt Judge Blewitt's R & R for the reasons discussed more fully below.

## BACKGROUND

On October 6, 2009, Plaintiffs Madhu Agarwal and Anil Agarwal filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983. This action stemmed from unpaid tax bills which led to tax liens being placed on Plaintiffs' properties. In their original pleading, Plaintiffs asserted four claims for violations of their U.S. Constitutional rights as well as violations of their rights under the Pennsylvania Constitution. Plaintiffs named 26 Defendants in their original Complaint along with John and Jane Doe Defendants number ## 27 to 51. After the named Defendants were served, all of them – except for the Hazleton

Water Authority ("HCWA"), who answered the Complaint – joined in one of several Motions to Dismiss. Plaintiff then filed a Motion to Amend their Complaint, which was granted on November 30, 2009, rendering the Defendants' Motions to Dismiss moot. Plaintiff then filed an Amended Complaint on December 22, 2009. (Doc. 53.) After Plaintiffs' Amended Complaint was served, eleven Motions to Dismiss were filed. (Docs. 55, 56, 59, 66, 68, 69, 70, 74, 79, 82.) On July 14, 2010, the Court adopted the R&R of Magistrate Judge Blewitt and dismissed the Amended Complaint with prejudice as to Defendant Pennsylvania Tax Collection, Inc. and Defendant Paul Datte, Esq. (Doc. 123.)

## STANDARD OF REVIEW

### I. Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the

2

Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The

3

Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**I. Motions to Dismiss from the Schuykill County Defendants and Defendant Commonwealth of Pennsylvania, and Defendant Schuykill County Tax Claim Bureau's Motion to Strike Service and Dismiss Due to Improper Service on Defendants "Pamela"**

The Schuykill County Defendants' and Defendant Commonwealth of Pennsylvania's ("PA Defendant") Motions to Dismiss (Docs. 56 and 69) as well as the Schuykill County Tax Claim Bureau's ("SCTCB") Motion to Strike Service and Dismiss as to Defendant "Pamela" (Doc. 72) will be granted.

Plaintiffs' claims against these sets of Defendants arise out of Defendant Schuylkill

County's policy not to accept personal checks for the payment of delinquent real-estate taxes, which Plaintiffs allege violates their constitutional rights.

As to Defendant's SCTCB's Motion to Strike Service and Dismiss as to Defendants "Pamela" and Mid County Resources, LLC ("MCR"), Defendant SCTCB claims that there has not been a "Pamela" working at the SCTCB either now or at the time the original Complaint was filed, and that therefore they were not the authorized agent to accept service for "Pamela." Therefore, according to SCTCB, service upon Defendants "Pamela" was insufficient insofar as Plaintiffs tried to serve "Pamela" at SCTCB's office.

The rule for serving an individual within a judicial district of the United States is found at Fed. R. Civ. P. 4(e). According to *Patterson v. City of Phila.*, 2009 WL 1259968, \*7 (E.D. Pa. May 1, 2009):

> Under Fed.R.Civ.P. 4(e)(2), a plaintiff may either deliver process "to the person individually," deliver process to a person "at the individual's dwelling place or usual place of abode, or deliver process to "an agent authorized by appointment or law to receive service of process."

Since Plaintiffs failed to personally deliver process to Defendant "Pamela", deliver process to someone at "Pamela"'s dwelling place or place of abode, or deliver it to an authorized agent, Defendant SCTCB's Motion to Strike Service and the Motion to Dismiss Defendant "Pamela" due to improper service will be granted and Defendant Pamela will be dismissed from the suit.

Furthermore, since Plaintiffs failed to properly serve Defendant Mid County Resources LLC ("MCR") with the summons and complaint within 120 days of the filing of Plaintiffs' Complaint, the action against Defendants "MCR" will be dismissed according to Fed. R. Civ. P. 4(m).

5

Turning to the Motion to Dismiss of Schuykill County Defendants Mantura M. Gallagher, Robert S. Frycklund, Shelly K. Morrison, Russell T. Motsko, and Denise McGinley-Gerchak, Plaintiffs claim Defendants violated their constitutional rights by not allowing Plaintiffs to pay their delinquent real-estate taxes by personal check. Such an allegation will therefore be treated as a § 1983 claim. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under § 1983, Plaintiff must show that the Defendants "1) were state actors who 2) violated his rights under the Constitution or federal law." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (citations omitted).

While Plaintiffs argue that Defendants' personal check prohibition violated Plaintiffs' constitutional rights, Defendants argue that the Plaintiffs have cited no case or statute that provides for such a right. The Court agrees. Furthermore, insofar as Plaintiffs are challenging the Schuykill County tax system or its policies, the Court lacks subject-matter jurisdiction to hear such a suit under the Tax Injunction Act. As to Defendant Schuykill County Tax Claim Bureau, its Motion to Dismiss will also be granted since Plaintiffs failed to allege any constitutional violation on the Tax Claim Bureau's part. The only claim Plaintiffs have made against the Bureau is that its policy of not accepting personal checks for delinquent real estate taxes is unconstitutional. The Court agrees with Defendants that this policy did not violate Plaintiffs' constitutional rights.

Shifting to PA Defendant's Motion to Dismiss, Plaintiffs argue that PA Defendant is liable for not preventing the violations of Plaintiffs' constitutional rights with regard to the Schuykill County Tax Claim Bureau's policies as well the Hazleton City Authority Water Department's alleged failure to shut off and turn on water on Plaintiffs' properties. Since no violation of a constitutional right has been adequately alleged against any of these parties, PA Defendant's Motion to Dismiss will be granted.

**II.     R & R on the Motion to Dismiss of John Does #21 - 23, Schuylkill County Sheriff Department, Schuylkill County Sheriff Department, Schuylkill County Prothonotary Office, Court Administrator's Office, Schuylkill County, and John and/or Jane Doe Defendants # 27 -51**

The Motion to Dismiss of Defendants John Does #21 - 23, Schuylkill County Sheriff Department, Schuylkill County Sheriff Department, Schuylkill County Prothonotary Office, Court Administrator's Office, Schuylkill County, and John and/or Jane Doe # 27 -51 (Doc. 59) will be granted.

In the part of their Amended Complaint dealing with these Defendants, Plaintiffs allege that the County Sheriff Department and its employees violated their First Amendment rights by blocking their entrance to the Schuylkill County Court House, and that the Schuylkill County Prothonotary's Office and County Court Administrator's Office, in returning a "Caveat" Plaintiffs filed in regard to the tax liens on their property, denied Plaintiffs' rights to due process by not allowing them to file an application in court.

Since John Doe Defendants #21-23 and John or Jane Doe Defendants #27-51 were never served with Plaintiff's Amended Complaint, they will be dismissed due to insufficient service under Fed.R.Civ.P. 4(e). Furthermore, with regard to John or Jane Doe Defendants

7

#27-51, they will be dismissed because Plaintiffs do not make any claims against them in their Amended Complaint. With respect to the three remaining Schuylkill County Defendants: the Sheriff's Department, the Prothonotary Office, and the Court Administrator's Office, they will be dismissed from the action as well.

As stated above, to establish a claim under § 1983, Plaintiff must show that the Defendants "1) were state actors who 2) violated his rights under the Constitution or federal law." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (citations omitted). The liability of local and municipal government agencies under § 1983 is governed by *Monell v. New York City Dept. of Social Services*. In that case, the United States Supreme Court held that a municipality may be a "state actor" for purposes of liability under § 1983. However, the Supreme Court also held that: "[a] municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior.* Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Monell v. New York City Dept. of Social Services*, 98 S. Ct. 2018 (1978).

Plaintiffs have failed to state a viable constitutional claim against either the Schuylkill County Defendants or their individual John or Jane Doe employees. With regard to Plaintiffs' claim that they were denied access to the courts, the record shows that, after the "Caveat" they tried to file with the County was returned as improper under the rules, they did file a document through counsel entitled "Objection/Exception to Tax Sale" with Schuylkill County CCP and that a hearing was scheduled. (Def. Ex. 59-3 and 59-4.) These documents show that Plaintiffs did not suffer any actual injury sufficient to make out a First

Amendment denial of access to the courts claim.

### III. HCWA's Motion to Dismiss

HCWA's Motion to Dismiss (Doc. 82) will be granted. In their Amended Complaint, Plaintiffs contend that Defendant HCWA has violated their Due Process rights pursuant to § 1983 with regard to municipal water services. Specifically, Plaintiffs contend that Defendant HCWA failed to turn water on at Plaintiffs' property, failed to turn it off when requested, and unfairly made Plaintiffs responsible for the balance owed by previous tenants. Plaintiffs also allege violations of state tort law as well as a conspiracy between Defendant HCWA and other parties to deprive Plaintiffs of water services.

With regard to Plaintiffs' constitutional claims against HCWA, the Third Circuit has held that individuals have no constitutional right to use and enjoy municipal water services. *Ransom v. Marrazzo*, 848 F.2d 398 (3d Cir. 1988). Therefore, even accepting Plaintiffs' allegations as true, they have failed to state a claim for a violation of their constitutional rights under § 1983.

Regarding the state law tort claims, HCWA is immunized by the Pennsylvania Political Subdivision Torts Claims Act since they are a local government agency and none of the relevant exceptions to the Act apply. 42 Pa. Const. Stat. § 8541, *et seq*.

The RICO claim will also be dismissed because Plaintiffs have failed to allege that HCWA participated in any of the predicate offenses necessary to constitute a civil RICO claim. A civil RICO claim, codified at 18 U.S.C. § 1962, requires a pattern of racketeering activity. Plaintiffs have alleged no such activity on the part of the HCWA or any other party.

Lastly, Plaintiffs' claim for punitive damages against HCWA will be dismissed as well,

since, although § 1983 applies to municipalities and other governmental units, these entities are not subject to punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

### IV. Defendants Kline Township, Kline Township Supervisors, and Kline Township Police Department and their Motion to Dismiss

The Motion to Dismiss of Defendants Kline Township, Kline Township Supervisors, and Kline Township Police Department ("Kline Defendants") (Doc. 68) will be granted. Plaintiffs in their Complaint allege that the Kline Defendants refused to shut off water at Plaintiffs' property, refused to turn it on, and conspired with other parties to not shut off the water in an attempt to run up Plaintiffs' water bill. Plaintiffs further allege compensatory as well as punitive damages against the Kline Defendants.

As stated above, individuals have no right to municipal water services. The *Ransom* Court held that a city's denial of water services due to unpaid bills was constitutional, *Ransom*, 848 F.2d at 404, and the facts here are indistinguishable. Furthermore, the Kline Defendants were not personally involved in the decision to shut off Plaintiffs' water, a requirement in a § 1983 suit. *Sutton v. Rasheed*, 323 F.3d 236 (3d Cir. 2003). Therefore, the § 1983 claims against the Defendants will be dismissed.

Examining the Plaintiffs' civil rights conspiracy claim, such a claim requires details of: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch*, 914 F.2d 428 (3d Cir. 1990). The essence of a conspiracy is an agreement or concerted action between individuals. However, there are no allegations in Plaintiffs'

Complaint as to any type of agreement or meeting of the minds among the Kline Defendants to violate the Plaintiffs' rights. As a result, Plaintiffs' federal conspiracy claims will be dismissed, as well as any state law conspiracy claims, on similar grounds.

Lastly, Plaintiffs' claim for punitive damages against the Kline Defendants will be dismissed as well. Even though § 1983 applies to municipalities and other governmental units, these entities are not subject to punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**V.  Motion to Dismiss of Defendants Hazel Township and Hazel Township Supervisors**

The Motion to Dismiss of Defendants Hazel Township and Hazel Township Supervisors ("Hazel Twp. Defendants") (Doc. 70) will be granted. Plaintiffs allege that Hazel Twp. Defendants maliciously refused to turn off water services at their property in order to general a higher bill and secure a subsequent lien on their property in violation of their due process rights under § 1983. Plaintiffs also allege the Hazel Twp. Defendants held Plaintiffs responsible for the outstanding balance owed by prior tenants, that the Defendants engaged in racketeering to steal money from them, maliciously prosecuted them, and conspired with others to cause the Plaintiffs harm.

Again, as stated above, individuals have no right to municipal water services. The *Ransom* Court held that a city's denial of water services due to unpaid bills was constitutional, *Ransom*, 848 F.2d at 404, and the facts here are not distinguishable. Furthermore, Plaintiffs have not alleged that the Hazel Twp. Defendants were personally involved in the decision to shut off Plaintiffs' water, a requirement in a § 1983 suit. *Sutton*,

11

323 F.3d at 243. Therefore, the § 1983 claims against the Defendants will be dismissed.

Regarding the state law tort claims, the Hazel Twp. Defendants are immunized by the Pennsylvania Political Subdivision Torts Claims Act since they are a local government agency and none of the exceptions to the Act apply. 42 Pa. Const. Stat. § 8541, *et seq*.

Examining the Plaintiffs' civil rights conspiracy claim, such a claim requires details of: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess*, 914 F.2d at 434. The essence of a conspiracy is an agreement or concerted action between individuals. However, there are no allegations in Plaintiffs' Complaint as to any type of agreement or meeting of the minds among the Hazel Twp. Defendants to violate the Plaintiffs' rights. As a result, Plaintiffs' federal conspiracy claims will be dismissed, as well as any state law conspiracy claims, on similar grounds.

The malicious prosecution claim will also be dismissed because Plaintiffs did not allege that the Hazel Twp. Defendants initiated any sort of legal proceeding against them.

Finally, as previously stated, Plaintiffs' claim for punitive damages against the Hazel Twp. Defendants will be dismissed as well. Although § 1983 applies to municipalities and other governmental units, these entities are not subject to punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**VI.    Defendant Hazleton Area School District's Motion to Dimiss**

Defendant Hazleton Area School District's ("HASD") Motion to Dismiss will be granted. Plaintiffs claims against HASD stem from HASD's sale of its unpaid tax claims against Plaintiffs to Defendant Public Asset Management Inc. ("PAM.") Plaintiffs claim that

12

HASD violated their due process rights and conspired with other Defendants in order to deceive Plaintiffs into paying a tax debt which Plaintiffs believe is unfounded.

Regarding Plaintiffs' § 1983 claims against HASD, the United States Supreme Court has held that a municipality may be a "state actor" for purposes of liability under § 1983. However, "[a] municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior.* Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Monell v. New York City Dept. of Social Services*, 98 S.Ct. 2018 (1978). As a result, since HASD cannot be held liable under § 1983 for alleged actions carried out by persons it supervises, and Plaintiff has not alleged a unconstitutional policy or practice on the part of HASD, the § 1983 claims against HASD will be dismissed .

Turning to the Plaintiffs' civil rights conspiracy claim, such a claim requires details of: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess*, 914 F.2d at 434. The essence of a conspiracy is an agreement or concerted action between individuals. However, there are no allegations in Plaintiffs' Complaint as to any type of agreement or meeting of the minds between HASD and other individuals to violate the Plaintiffs' rights. As a result, Plaintiffs' federal conspiracy claims against HASD will be dismissed, as well as any state law conspiracy claims, on similar grounds.

## VII. Motion to Dismiss of Defendants Francis Patton and Kline Township Municipal Authority

The Motion to Dismiss of Defendants Francis Patton and Kline Township Municipal Authority ("KTMA Defendants") (Doc. 79) will be granted. Plaintiffs allege that KTMA Defendants failed to turn off, and then failed to turn back on, water services at their property, and conspired with others to do so, in violation of Plaintiffs' constitutional rights under § 1983 and federal and state conspiracy laws.

First, Defendant Francis Patton will be dismissed from the action, since, other than naming him once in their Complaint, Plaintiffs do not make any factual allegations against Defendant Patton or claim that Defendant Patton violated their rights in any way.

Second, as stated above, individuals have no right to municipal water services. The *Ransom* Court held that a city's denial of water services due to unpaid bills was constitutional, *Ransom*, 848 F.2d at 404, and the facts here are not distinguishable. Furthermore, Plaintiffs have not alleged that the Hazel Twp. Defendants were personally involved in the decision to shut off Plaintiffs' water, a requirement in a § 1983 suit. *Sutton*, 323 F.3d at 243. Therefore, the § 1983 claims against the Defendants will be dismissed.

Regarding the state law tort claims, the KTMA Defendants are immunized by the Pennsylvania Political Subdivision Torts Claims Act since they are a local government agency and none of the exceptions to the Act apply. 42 Pa. Const. Stat. § 8541, *et seq*.

With respect to the Plaintiffs' civil rights conspiracy claim, such a claim requires details of: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess*, 914 F.2d

14

at 434. The essence of a conspiracy is an agreement or concerted action between individuals. However, there are no allegations in Plaintiffs' Amended Complaint as to any type of agreement or meeting of the minds between KTMA Defendants and other individuals to violate the Plaintiffs' rights. As a result, Plaintiffs' federal conspiracy claims against KTMA Defendants will be dismissed, as well as any state law conspiracy claims, on similar grounds.

The malicious prosecution claim will also be dismissed because Plaintiffs did not allege that the Hazel Twp. Defendants initiated any sort of legal proceeding against them.

Finally, as previously stated, Plaintiffs' claim for punitive damages against the KTMA Defendants will be dismissed as well, since, although § 1983 applies to municipalities and other governmental units, these entities are not subject to punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

## **CONCLUSION**

For the reasons stated above, the Court will adopt the R&R's of Magistrate Judge Blewitt in their entirety and all of the Defendants' Motions to Dismiss (Docs. 56, 59, 68, 69, 70, 74, 79, and 82) will be granted. The Motion to Strike Service and Dismiss as to Defendant "Pamela" (Doc. 72) will also be granted. An appropriate order follows.

| | |
|---|---|
| 12/15/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADHU AGARWAL and DR. ANIL AGARWAL, | : : : : |
| Plaintiffs, | : : |
| v. | CIVIL ACTION NO. 3:09-cv-1921 : : |
| SCHUYKILL COUNTY TAX CLAIM BUREAU, et al., | : : (JUDGE CAPUTO) : |
| | : (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | : |

## ORDER

**NOW**, this ___15th___ day of December, 2010, **IT IS HEREBY ORDERED THAT** the Reports and Recommendations of Magistrate Judge Blewitt are **ADOPTED** in full and that all of Defendants' Motions to Dismiss (Docs. 56, 59, 68, 69, 70, 74, 79, 82) are **GRANTED**. The Motion to Strike Service and Dismiss (Doc. 72) as to Defendant "Pamela" is also **GRANTED**. The Clerk of Court is directed to close the case.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge